2007 UT App 228

**STATE of Utah, Plaintiff and Appellant,**

v.

**John Angelo GARCIA, Defendant and Appellee.**

**No. 20060328–CA.**

Court of Appeals of Utah.

June 28, 2007.

Mark L. Shurtleff, atty. gen., and Brett J. DelPorto, asst. atty. gen., Salt Lake City, for Appellant.

Linda M. Jones and Steven G. Shapiro, Salt Lake City, for Appellee.

Before BENCH, P.J., BILLINGS and ORME, JJ.

## OPINION

BILLINGS, Judge:

¶ 1 Defendant John Angelo Garcia and his brother, Jeremiah Andrew Garcia (Brother), were charged by information with two counts of unlawful possession of a controlled substance with intent to distribute within 1000 feet of a school, a second degree felony, *see* Utah Code Ann. § 58–37–8(1)(a)(iii), (4)(a)(ix) (Supp.2006); one count of endangerment of a child, a third degree felony, *see id.* § 76–5–

112.5 (2003); and one count of unlawful possession of drug paraphernalia, a class A misdemeanor, *see id.* § 58–37a–5 (2002). Upon Defendant's motion, the trial court issued an order suppressing the evidence supporting these charges. The State was forced to dismiss the charges against Defendant because the State's case was "substantially impaired" after the trial court suppressed the evidence discovered both before and after the issuance of the search warrant. The State appeals the trial court's order suppressing the evidence seized pursuant to the search warrant. We reverse and remand.

### BACKGROUND [1]

¶ 2 On October 11, 2005, police officers arrived at an apartment building in Salt Lake City, Utah, to investigate a reported robbery. Upon arriving, the complainant told the officers that she became suspicious when she saw three men running from a second-floor apartment. While investigating the alleged robbery, the officers heard yelling coming from that second-floor apartment and noticed a man leaving the apartment carrying a black duffle bag. The officers confronted the man, and the man ran back inside the apartment. The officers then knocked on the front door of the apartment. The persons inside told the officers that everything was fine and refused to open the door. Standing outside the apartment, the officers observed a man take the black duffle bag out onto the balcony and return inside the apartment.

¶ 3 The officers then went back to the front door of the apartment and knocked. The persons inside again told the officers that everything was "ok" and refused to open the door. The officers told the persons inside that they were investigating a possible robbery and needed to "verify that everything [was] ok." The officers also told those inside that if it was necessary, they would force the door open. Eventually, someone inside the apartment opened the front door.

¶ 4 Upon entering the apartment, the officers smelled burnt marijuana and saw a plas-

---

1. We recite the facts in accordance with the search affidavit supporting the search warrant and the testimony given at both the preliminary hearing and the motion to suppress hearing.

tic bag of marijuana on the sofa. They then performed a "protective sweep" of the apartment, which contained two bedrooms. The north bedroom belonged to Defendant, and the other bedroom belonged to Brother, Brother's girlfriend, her mother, and a baby. The officers found the black duffle bag on the balcony, located just outside Defendant's bedroom. The balcony could only be accessed through Defendant's bedroom. The officers searched the duffle bag on the balcony and found large quantities of marijuana.[2] They then sought a search warrant to continue searching the apartment. According to testimony from Detective Lyman Smith, who was at the apartment during the search, the search warrant was obtained in part because of the marijuana found inside the duffle bag.

¶ 5 After obtaining a search warrant, officers found traces of marijuana scattered throughout the apartment, including on the television and the stereo system. Marijuana residue was found on the kitchen counter tops and on the floor. In Brother's bedroom, the officers found a box of psychedelic mushrooms under the bed and four bags of marijuana in a closet by the baby's crib. In Defendant's bedroom, the officers found marijuana residue throughout the room and a large plastic container of marijuana. They also found the black duffle bag containing thirty-two pounds of marijuana and one or two bags of psychedelic mushrooms. Additionally, the officers found various drug paraphernalia inside the apartment.

¶ 6 After Defendant was charged and a preliminary hearing was held, Defendant filed a written motion to suppress the evidence from the duffle bag. He argued that the evidence recovered pursuant to the search warrant was "fruit of the poisonous tree" because the warrant was based on information obtained during an unlawful search of the duffle bag. The trial court agreed and

held that "[t]he warrantless search of the black duffle bag violated [Defendant's] rights, ... [and therefore, t]he contents of the duffle bag and all items recovered thereafter are fruits of the poisonous tree and must ... be suppressed." The State appeals the trial court's order suppressing the evidence seized both before and after the issuance of a search warrant.

## ISSUE AND STANDARD OF REVIEW

 ¶ 7 On appeal, the State argues that the trial court erred in suppressing the marijuana evidence because even without reference to the marijuana in the duffle bag, the search affidavit provided sufficient information to support probable cause to search Defendant's apartment.[3] We review a trial court's factual findings underlying a decision to grant or deny a motion to suppress evidence for clear error. See State v. Duran, 2005 UT App 409, ¶ 10, 131 P.3d 246. However, "we review 'the trial court's conclusions of law based on such facts under a correctness standard, according no deference to the trial court's legal conclusions.'" Id. (quoting State v. Anderson, 910 P.2d 1229, 1232 (Utah 1996)).

## ANALYSIS

¶ 8 Relying on Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the State argues on appeal that the search warrant affidavit contained sufficient information to support probable cause even without reference to the marijuana found inside the duffle bag, and that we should therefore uphold the search pursuant to the search warrant. In Franks, the Supreme Court held that a search warrant based on "deliberate falsehood[s]" or a "reckless disregard for the truth" must be evaluated to determine whether the affidavit supporting

2. There is disputed testimony regarding whether the duffle bag was open when officers first searched the apartment and discovered marijuana in the duffle bag. During the preliminary hearing, Detective Lyman Smith of the Salt Lake City Police Department stated that he had been told that the duffle bag was unzipped. He acknowledged, however, that a police report prepared by another officer suggested that the offi-

cers opened the duffle bag during the "protective sweep."

3. The State also argues that the trial court erred in determining Defendant had established standing to challenge the admissibility of the evidence recovered from the duffle bag. We do not address this issue because we reverse and remand on other grounds.

the warrant would still support probable cause once the false information is removed. *Id.* at 171–72, 98 S.Ct. 2674. In evaluating the rationale behind the *Franks* doctrine, the Utah Supreme Court has stated that "[t]he obvious purpose of *Franks* and its progeny is to avoid suppressing evidence when the actual facts, if known to the magistrate, would have resulted in a finding of probable cause." *State v. Nielsen*, 727 P.2d 188, 191 (Utah 1986).

¶ 9 Defendant argues that the State cannot rely on the *Franks* doctrine because the State raises the *Franks* doctrine for the first time on appeal. We disagree. Under Utah law, " 'to preserve an issue for appeal[,] the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue.' " *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (alteration in original) (quoting *Brookside Mobile Home Park, Ltd. v. Peebles*, 2002 UT 48, ¶ 14, 48 P.3d 968).

¶ 10 Although the State did not formally cite the *Franks* case below, it clearly argued the underlying premise of the *Franks* doctrine. Specifically, in its written opposition to Defendant's motion to suppress, the State argued that even without information describing the illegally seized evidence in the duffle bag, the search affidavit was sufficient to support probable cause for the search warrant. The State asserted that the search affidavit provided information that the officers who entered Defendant's apartment "could smell a strong smell of fresh burnt marijuana . . . . [and could see] a small bag[ ] of a green leafy substance in plain view on the couch," which was sufficient to establish probable cause to support the warrant. At the suppression hearing, the State presented evidence to support this assertion. Moreover, we note that the *Franks* doctrine is an accepted standard and a routinely used analysis familiar to the criminal bar. We have no doubt the trial court was on notice of the State's legal argument. Thus, we conclude that the State's articulation of the legal principle below was sufficient and that the trial court had "an opportunity to rule on that issue." *Id.* We therefore address the State's argument on appeal.

¶ 11 Defendant also challenges the State's ability to argue that the officers' plain smell and plain view of marijuana upon entering the apartment was sufficient to support probable cause, by asserting that the officers' initial entry into the apartment was illegal. Defendant claims that because the officers' entry into the apartment was illegal, the evidence within their plain smell and plain view cannot be considered part of the search affidavit under the *Franks* analysis. However, Defendant did not sufficiently challenge below the officers' alleged illegal entry into the apartment. The State did not have an opportunity to factually prove the officers' lawful entry into the apartment, and the trial court did not have an "opportunity to rule on [it]." *Id.*

¶ 12 In his written motion to suppress, Defendant asserted only that the marijuana evidence found inside the duffle bag should be suppressed because it was unlawful for police to look inside the duffle bag. Defendant did not claim that the officers' initial entry into Defendant's apartment was illegal and that all evidence discovered pursuant to that initial entry should also be suppressed. The only time Defendant mentioned an alleged illegal entry into Defendant's apartment was during closing argument at the suppression hearing. In fact, Defendant raised this issue only after the trial court sought to clarify the scope of Defendant's motion to suppress. Defendant offered no legal or factual analysis to support his claim that the officers' initial entry into the apartment was illegal. By raising his argument in passing during closing argument at the suppression hearing, Defendant did not give the State the notice it needed to factually prove that the officers' initial entry into the apartment was lawful. *See, e.g., State v. Marshall*, 791 P.2d 880, 887 (Utah Ct.App.1990) (holding that a party must raise any issue requiring the other party to factually prove a claim at the suppression hearing or be barred from raising it on appeal). We will not address a legal argument raised for the first time on appeal when the opposing party did not have notice that it should have presented evidence below to respond to that

legal argument.[4] Therefore, we do not consider the officers' alleged illegal entry on appeal; rather, we continue with the *Franks* analysis.

██ ¶ 13 Courts have construed *Franks* to apply to illegally obtained evidence referenced in a search affidavit. *See United States v. Walton*, 56 F.3d 551, 554 (4th Cir. 1995) (noting that the trial court appropriately followed the *Franks* doctrine when it "examined the search warrant affidavit absent the illegally-obtained information, to determine whether the untainted portion of the affidavit set forth probable cause"); *United States v. Rogers*, No. 96–4121, 1997 WL 360631, at * 2, 1997 U.S.App. LEXIS 16259, at *8 (4th Cir. July 1, 1997) (noting that the *Franks* doctrine "directs a court to examine the search warrant affidavit absent the illegally obtained information to determine whether the untainted portion of the affidavit sets forth probable cause"). Specifically, under the *Franks* doctrine and its progeny, courts should examine whether a search affidavit supports probable cause for a search warrant after reference to suppressed evidence is removed. *See United States v. Dessesaure*, 429 F.3d 359, 367 (1st Cir.2005) ("[W]hen faced with a warrant containing information obtained pursuant to an illegal search, a reviewing court must excise the offending information and evaluate whether what remains is sufficient to establish probable cause.").

¶ 14 As previously noted, the State argued below that "even if th[e trial] court were to hold that the [contents] of the duffle bag could not be used as a basis for ... probable cause, the remaining information in the [search] affidavit provides probable cause on which to issue a [search] warrant." In other words, the State asserts that the information of the officers' plain smell and plain view of marijuana in the apartment, as delineated in the search affidavit, supports probable cause for the search warrant. We agree.

¶ 15 Pursuant to Defendant's motion to suppress, the trial court ruled that the initial search of the duffle bag violated Defendant's

constitutional rights. The trial court then suppressed the evidence seized from the duffle bag, as well as any evidence subsequently recovered as fruit of the poisonous tree. However, the trial court did not evaluate the search affidavit without the information of the evidence from the duffle bag as the State requested. We are in as good a position as the trial court to review the written affidavit without the information of the illegally-seized evidence in the duffle bag and to determine if the search warrant was supported by probable cause. After reviewing the written affidavit, we conclude that the information that police officers could smell burnt marijuana in the apartment and could see a small bag of marijuana on the couch was sufficient to support probable cause for a search warrant.

## CONCLUSION

¶ 16 Although the State did not formally cite *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), in its opposition to Defendant's motion to suppress, we conclude that it sufficiently raised the underlying principles of the *Franks* doctrine below. We therefore address it on appeal. We do not, however, address Defendant's argument that the officers' initial entry into the apartment was illegal. That argument was not properly raised below. Consequently, we conclude that under the *Franks* doctrine, the trial court erred when it failed to evaluate the search affidavit without the reference to the illegally-obtained evidence found inside the duffle bag. We further conclude that even without that reference, the search affidavit contained sufficient information to support the search warrant. Accordingly, we reverse the trial court's suppression of the evidence found pursuant to the search warrant and remand to the trial court.

¶ 17 WE CONCUR: RUSSELL W. BENCH, Presiding Judge, GREGORY K. ORME, Judge.

---

4. We further note that although Defendant's appellate brief argues in passing that the initial entry into Defendant's apartment was illegal, this argument was not fully developed until oral argument on appeal.