**2018 UT App 237**

# THE UTAH COURT OF APPEALS

JOHN DEAN BEVAN,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Opinion
No. 20180786-CA
Filed December 20, 2018

Third District Court, Tooele Department
The Honorable Matthew Bates
No. 180300743

Scott David Goodwin, Attorney for Appellant

Sean D. Reyes and Thomas Brunker, Attorneys
for Appellee

Before JUDGES MICHELE M. CHRISTIANSEN FORSTER, DAVID N.
MORTENSEN, and RYAN M. HARRIS.

PER CURIAM:

¶1     John Dean Bevan appeals the trial court's order
dismissing his petition for postconviction relief under rule
65C(h)(1) of the Utah Rules of Civil Procedure, which allows for
summary dismissal of claims under certain circumstances. This
matter is before the court on its own motion for summary
reversal due to manifest error. *See* Utah R. App. P. 10(e).

¶2     The trial court summarily dismissed Bevan's claims as
procedurally barred because it determined that the claims had
previously been adjudicated. Under rule 65C(h)(1), if the trial
court finds that a claim had been adjudicated in a prior
proceeding, the court "shall forthwith issue an order dismissing
the claim." Utah R. Civ. P. 65C(h)(1). However, the trial court
did not provide notice to the parties that it was considering the

procedural bar as required under the Post-Conviction Remedies Act (PCRA). *See* Utah Code Ann. § 78B-9-106(2)(b) (LexisNexis 2012).

¶3     The PCRA lists procedural and time bars in Utah Code section 78B-9-106. Among other things, relief is precluded if the ground for relief has been raised in prior proceedings, whether at trial, on appeal, or in a prior petition for relief. *Id.* § 78B-9-106(1). In 2008, the statute was amended to allow courts to consider sua sponte whether grounds for relief may be precluded. *See* Post-Conviction Remedies Act Revisions, ch. 288, § 106(2)(b), 2008 Utah Laws 1845, 1846. Now the statute provides that "[a]ny court may raise a procedural or time bar on its own motion, provided that it gives the parties notice and an opportunity to be heard." Utah Code Ann. § 78B-9-106(2)(b).

¶4     Utah Rule of Civil Procedure 65C was promulgated specifically to implement procedures for seeking relief under the PCRA. Utah R. Civ. P. 65C(a). Although the rule provides the procedures, the PCRA "sets forth the manner and extent to which a person may challenge the legality of a criminal conviction and sentence after the conviction and sentence have been affirmed" or the time to appeal has expired. *Id.* The rules of civil procedure "apply to all special statutory proceedings, except insofar as such rules are by their nature clearly inapplicable." *Id.* R. 81(a). To supercede a rule of civil procedure in regard to a special statutory proceeding, a statute must "clearly counter and thus override" the rule. *Maxfield v. Herbert*, 2012 UT 44, ¶ 17, 284 P.3d 647. Here, the statute requiring notice when a court raises the procedural bar that a claim for relief has been previously adjudicated is clearly counter to the summary dismissal permitted in rule 65C for the same procedural bar.[1]

---

1. Notably, if a trial court finds that the petition is frivolous on its face the petition may be dismissed without notice. Utah R. Civ. P. 65C(h)(1). Frivolousness is not a procedural bar requiring notice listed in section 78B-9-106. *See* Utah Code Ann. § 78B-9-106(1) (LexisNexis 2012).

Accordingly, the statute supercedes this provision of the rule, and the trial court must give the parties notice and an opportunity to be heard.

¶5      In this case, the record establishes that the trial court dismissed Bevan's petition as procedurally barred without providing the required notice and opportunity to be heard. The lack of compliance with the provisions of section 78B-9-106(2)(b) constitutes manifest error requiring reversal. *See* Utah R. App. P. 10(e). Therefore, the trial court's order is vacated and this matter is remanded to the trial court for further proceedings in compliance with section 78B-9-106(2)(b).

———————