*This opinion is subject to revision before final publication in the Pacific Reporter*

**2020 UT 8**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

RONALD HAND,
*Appellant,*

*v.*

STATE OF UTAH,
*Appellee.*

No. 20180926
Heard December 9, 2019
Filed February 19, 2020

On Direct Appeal

Second District, Farmington
The Honorable John R. Morris
No. 170701002

Attorneys:

Scott K. Wilson, Benjamin C. McMurray, Nathan K. Phelps,
Salt Lake City, for appellant

Sean D. Reyes, Att'y Gen., Aaron G. Murphy, Asst. Solic. Gen.,
Salt Lake City, for appellee

ASSOCIATE CHIEF JUSTICE LEE authored the opinion of the Court, in which CHIEF JUSTICE DURRANT, JUSTICE HIMONAS, JUSTICE PEARCE, and JUSTICE PETERSEN joined.

ASSOCIATE CHIEF JUSTICE LEE, opinion of the Court:

¶1   Ronald Hand was convicted of aggravated sexual abuse of a minor in August 2013. In 2017 he sought to challenge that conviction in petitions submitted to both federal and state courts. As a *pro se* inmate, Hand used a preprinted form approved by the federal courts for petitions filed under 28 U.S.C. § 2254. He filed a federal petition in the United States District Court for the District of Utah in May 2017. Then in June of the same year he submitted a substantially

similar petition in the Second District Court of Utah—again using the federal form, but crossing out "United States" before "District Court" and replacing it with a scrawled-in "Second."

¶2    After the state court asked Hand to arrange for the payment of the filing fee, Hand asked that his state petition be withdrawn. The Second District Court granted that request, dismissing the petition under rule 41(a)(1)(A) of the Utah Rules of Civil Procedure. Thereafter, the federal district court reviewed Hand's still-pending federal petition and appointed counsel to represent him. With the aid of counsel, Hand filed an amended petition in federal court and a new petition in state court—again in the Second District Court.

¶3    The State challenged the viability of this new state petition in a motion for summary judgment. Citing section 78B-9-106(1)(d) of the Post-Conviction Remedies Act (PCRA), the State contended that Hand's petition was procedurally barred because it asserted claims that were "raised or addressed in any previous request for post-conviction relief" or that "could have been, but [were] not, raised in a previous request for post-conviction relief." UTAH CODE § 78B-9-106(1)(d). The district court granted the State's motion, concluding that Hand's petition was barred because his initial June 2017 petition—the petition that had been withdrawn under civil rule 41(a)(1)(A)—was a "previous request for post-conviction relief." Hand then filed this appeal.

¶4    We reverse on the ground that the initial petition submitted to the Second District Court does not count as a "previous request for post-conviction relief." That conclusion follows from the settled view of the effect of a voluntary dismissal under civil rule 41(a)(1)(A). We have held that such a dismissal "render[s] the proceedings a nullity and leave[s] the parties as if the action had never been brought." *Barton v. Utah Transit Auth.*, 872 P.2d 1036, 1039 (Utah 1994) (alterations in original) (citation omitted). And if the proceedings leading up to the dismissal were a legal nullity, then there was no "previous request for post-conviction relief" to sustain the procedural bar under Utah Code section 78B-9-106(1)(d).

¶5    The State objects that Hand's reliance on civil rule 41(a)(1)(A) is "unpreserved." And because a claimant's right to voluntary dismissal under rule 41(a)(1)(A) is "[s]ubject to . . . any applicable statute," and the PCRA states that the procedural bar is triggered by "*any* previous request for post-conviction relief," UTAH CODE § 78B-9-106(1)(d) (emphasis added), the State contends that a rule 41(a)(1)(A) dismissal is preclusive in the PCRA setting.

¶6   We disagree on both counts. As to preservation, our case law draws a distinction between new "issues" (like distinct claims or legal theories) and new "arguments" in support of preserved issues (such as the citation of new legal authority). *See State v. Johnson*, 2017 UT 76, ¶ 14 n.2, 416 P.3d 443. Here, Hand is raising the latter. He clearly preserved the issue in question—whether his earlier petition counted as the kind of "previous request for post-conviction relief" that sustains the procedural bar under Utah Code section 78B-9-106(1)(d). And our cases endorse his right to cite additional authority (here, the terms of rule 41(a)(1)(A) and the case law describing the effect of a dismissal under this rule) in support of his position on this issue. *See Johnson*, 2017 UT 76, ¶ 14 n.2; *Patterson v. Patterson*, 2011 UT 68, ¶ 18, 266 P.3d 828 ("[W]e routinely consider new authority relevant to issues that have properly been preserved, and we have never prevented a party from raising controlling authority that directly bears upon a properly preserved issue." (footnote omitted)).

¶7   We also reject the State's view of the interaction between civil rule 41(a)(1)(A) and Utah Code section 78B-9-106(1)(d). The rule is concededly "[s]ubject to . . . any applicable statute." UTAH R. CIV. P. 41(a)(1)(A). But our rule's cross-reference to the code is not an endorsement of statutory limits on the procedural effect of a voluntary dismissal. It is an acknowledgment of the possibility of statutory limits on a plaintiff's right to voluntary dismissal without a court order. This is clear from the text and structure of the rule. The operative sentence is the following: "Subject to Rule 23(e) and any applicable statute, the plaintiff may dismiss an action without a court order . . . ." *Id.* In this structure, "[s]ubject to" stands as a qualification or limit on a plaintiff's right to "dismiss an action without a court order." The reference to civil rule 23(e) confirms that conclusion. Rule 23 deals with class actions—representative suits, whose dismissal affects not just the plaintiff but represented members of a class. For that reason a named plaintiff's right to voluntary dismissal is circumscribed by rule 23. UTAH R. CIV. P. 23(e) ("A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."). Thus, rule 41's reference to "any applicable statute," in context, is just a recognition of the possibility that the legislature may place limitations on the right to voluntary dismissal without a court order.

¶8   By contrast, the PCRA does not prescribe limits on a plaintiff's right to seek voluntary dismissal. It sets the terms and

conditions of a procedural bar—the preclusive effect of a "previous request for post-conviction relief." UTAH CODE § 78B-9-106(1)(d). This provision, moreover, does not speak to the procedural effect of a voluntary dismissal under civil rule 41(a)(1)(A). The statute is silent on that question.

¶9　Utah Code section 78B-9-106(1)(d) (emphasis added) ties the procedural bar to "*any* previous request for post-conviction relief." And the term "any" is admittedly broad and encompassing. *See Graves v. N. E. Servs., Inc.*, 2015 UT 28, ¶ 52, 345 P.3d 619 ("The term *any* is broadening and inclusive." (emphasis in original)). But the statute doesn't speak to what counts as "a" (or "any") "request for post-conviction relief," much less whether the statutory bar extends to an action initiated by a plaintiff but voluntarily dismissed under rule 41(a)(1)(A). Only rule 41(a)(1)(A), as interpreted in our case law, answers that last question. The rule accordingly controls, as the statute is silent on the effect of a voluntary dismissal and properly interpreted as having been enacted against the backdrop of rule 41.

¶10 We reverse the dismissal of Hand's PCRA claim on this basis. We hold that there is no "previous request for post-conviction relief" where the action was initiated but voluntarily dismissed under rule 41(a)(1)(A).[1] We base this holding on well-settled case

---

[1] In so concluding, we decline to rule on a broader premise advanced by Hand—that a prior filing counts as a "previous request for post-conviction relief" only if it contained claims that were "addressed on their merits." We do note, however, that an individual claim need not itself be adjudicated or "addressed on [its] merits" to be barred under the PCRA. The statute clearly sweeps more broadly than that, barring not only claims that were "raised *or* addressed" in a previous request, but also those that "could have been, but w[ere] not, raised in a previous request for post-conviction relief." UTAH CODE § 78B-9-106(1)(d) (emphasis added).

law, which is not altered by the terms of Utah Code section 78B-9-106(1)(d).[2]

———————

---

[2] In so holding, we decline to consider a range of other questions raised by Hand—such as the effect of a dismissal "without prejudice" outside the context of rule 41(a)(1)(A) and whether and to what extent a court may retain statutory or constitutional power to consider the merits of a post-conviction petition purporting to seek review outside the terms and conditions of the PCRA. *See Winward v. State*, 2012 UT 85, ¶¶ 17–18, 293 P.3d 259 (declining to reach the constitutional question and identifying threshold considerations that a party would need to address to raise it).