2021 UT App 107

# THE UTAH COURT OF APPEALS

JOHN DEAN BEVAN,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Amended Opinion[1].
No. 20190773-CA
Filed October 7, 2021

Third District Court, Tooele Department
The Honorable Matthew Bates
No. 180300743

Emily Adams, Freyja Johnson, and Cherise Bacalski,
Attorneys for Appellant

Sean D. Reyes and Aaron Murphy, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES GREGORY K. ORME and DIANA HAGEN
concurred.

CHRISTIANSEN FORSTER, Judge:

¶1     After pleading guilty and being sentenced to prison for murder, John Dean Bevan filed a petition for post-conviction relief, but the petition was dismissed as untimely. Four years later, pursuant to a stipulation between Bevan and the county

---

1. This Amended Opinion replaces the Opinion in Case No. 20190773-CA issued on August 12, 2021. After issuance, the State filed a petition for rehearing and we called for a response. We grant the petition for the purpose of amending one word in ¶ 12, as agreed upon by the parties.

prosecutor, the district court reinstated Bevan's right to a direct appeal. On direct appeal, Bevan's claims were dismissed for lack of jurisdiction. He subsequently filed a new petition for post-conviction relief, which the district court dismissed after concluding the petition was both procedurally barred and time-barred. Bevan now appeals that decision, and we affirm.

BACKGROUND

¶2 In 2007, Bevan pleaded "guilty and mentally ill" to murdering his girlfriend. The district court sentenced Bevan to five years to life in the Utah State Prison.

¶3 Bevan did not appeal the conviction but instead, nearly two years later, filed a pro se petition for post-conviction relief (2010 Petition). After the appointment of post-conviction counsel, Bevan amended the 2010 Petition and requested the court vacate his conviction and grant him a new trial on three grounds: (1) defense counsel (Counsel) rendered ineffective assistance in a variety of ways, most notably by failing to investigate as a possible defense the side effects of Bevan's prescription sleeping pills (Lunesta); (2) police violated Bevan's *Miranda* rights by questioning him while he was sedated and under the influence of Lunesta; and (3) newly discovered evidence indicated that medications and "a severe psychotic episode" interfered with Bevan's ability to assist with his defense. The district court dismissed the 2010 Petition as time-barred, *see* Utah Code Ann. § 78B-9-107(1)–(2) (LexisNexis 2018) (requiring petitions for post-conviction relief to be "filed within one year after the cause of action has accrued" and listing accrual-triggering events), and this court summarily affirmed due to inadequate briefing.

¶4 Bevan continued to pursue post-conviction relief and in 2013 filed a federal habeas petition.[2] *See* 28 U.S.C. § 2254. This petition was dismissed with prejudice as "time-barred under the applicable statutory one-year limitation period." (Citing 28 U.S.C. § 2244(d)(1).) The United States Court of Appeals for the Tenth Circuit denied Bevan's request to appeal the dismissal of his federal habeas petition.

¶5 Returning again to state court to seek relief, Bevan sought to reinstate his direct criminal appeal right under *Manning v. State*, 2005 UT 61, 122 P.3d 628, *superseded by rule as stated in State v. Brown*, 2021 UT 11, 489 P.3d 152.[3] Pursuant to a stipulation

---

2. A federal habeas petition provides a criminal defendant a means to challenge a state court conviction in federal court "on the ground that [the defendant] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

3. The Utah Supreme Court clarified the process for providing a criminal defendant a means to reinstate a direct appeal in *Manning v. State*, 2005 UT 61, 122 P.3d 628. While "*Manning* has been supplanted by rule 4(f)" of the Utah Rules of Appellate Procedure, *see State v. Brown*, 2021 UT 11, ¶ 13, 489 P.3d 152, a motion to reinstate a direct criminal appeal is often colloquially referred to as "a *Manning* motion," *see, e.g., Garcia v. State*, 2018 UT App 129, ¶ 15, 427 P.3d 1185; *see also* Utah R. App. P. 4(f) ("Upon a showing that a criminal defendant was deprived of the right to appeal, the trial court shall reinstate the thirty-day period for filing a direct appeal. A defendant seeking such reinstatement shall file a written motion in the sentencing court and serve the prosecuting entity. . . . If the trial court finds by a preponderance of the evidence that the defendant has demonstrated that the defendant was deprived of the right to appeal, it shall enter an order reinstating the time for appeal.").

between Bevan and the county attorney's office, the district court issued an order reinstating Bevan's right to direct appeal in July 2017. But on direct appeal, Bevan's claims were again summarily dismissed, this time for jurisdictional reasons. Because Bevan's requested relief was to set aside his plea—relying on the allegation that Counsel provided ineffective assistance for failing to research the side effects of Lunesta—this court dismissed the appeal without prejudice on the basis that plea challenges must be raised "in an appropriate postconviction proceeding" rather than on direct appeal.

¶6 Bevan subsequently filed a second petition for post-conviction relief (2018 Petition), this time asserting four grounds for relief: (1) Counsel rendered ineffective assistance by failing to investigate as a possible defense the side effects of Lunesta, (2) police violated Bevan's *Miranda* rights by questioning him while sedated and under the influence of Lunesta, (3) Counsel further rendered ineffective assistance by failing to request a hearing to evaluate Bevan's mental competency after he entered the plea, and (4) Counsel had a conflict of interest that interfered with his representation of Bevan. The district court dismissed the petition as procedurally barred, but on appeal we vacated the dismissal because the parties were not given the statutorily "required notice and an opportunity to be heard" on the procedural bar issue. *See Bevan v. State*, 2018 UT App 237, ¶ 5, 434 P.3d 516 (per curiam). On remand, after briefing and oral argument, the district court again dismissed the 2018 Petition as both procedurally barred and time-barred.

ISSUES AND STANDARD OF REVIEW

¶7 Bevan now appeals, contending the district court erred in dismissing the 2018 Petition on both procedural and timeliness grounds. "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law."

*Archuleta v. State*, 2020 UT 62, ¶ 20, 472 P.3d 950 (quotation simplified).

ANALYSIS

¶8 In Utah, "[a]ny challenge to a guilty plea" made after sentencing "shall be pursued" through the Postconviction Remedies Act (PCRA) as governed by rule 65C of the Utah Rules of Civil Procedure. *See* Utah Code Ann. § 77-13-6(2)(c) (LexisNexis 2017). *See generally id.* §§ 78B-9-101 to -405 (LexisNexis 2018) (Post-Conviction Remedies Act); Utah R. Civ. P. 65C (rule governing PCRA proceedings). The PCRA provides "the sole remedy for any person who challenges a conviction or sentence for a criminal offense." Utah Code Ann. § 78B-9-102(1)(a). "[A] person who has been convicted and sentenced for a criminal offense" may move "to vacate or modify the conviction or sentence" under the grounds provided within the PCRA by proving entitlement to relief. *Id.* §§ 78B-9-104(1), -105. But the PCRA lists several exclusions barring relief, two of which are relevant here. *See id.* § 78B-9-106(1). First, an individual is procedurally barred from post-conviction relief based on "any ground that . . . was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief." *Id.* § 78B-9-106(1)(d) [hereinafter Section 106(1)(d)]. Second, an individual is time-barred from relief if the post-conviction petition is filed more than "one year after the cause of action has accrued." *Id.* §§ 78B-9-106(1)(e), -107(1).

¶9 In this case, the district court concluded Bevan's 2018 Petition was barred on both procedural and timeliness grounds. Because Bevan "knew, or could have known, about all of his claims by the time he filed his 2010 [Petition,] . . . all of [his] claims either were, or could have been, raised in the 2010 [Petition]" and, according to the district court, were "therefore barred by Section 106(1)(d)." Additionally, the court held that

the 2018 Petition was untimely because the PCRA's one-year limitations period was triggered in May 2008 and consequently expired in 2009. On appeal, Bevan contends the district court erred on both accounts. We agree that the 2018 Petition was procedurally barred and affirm on those grounds without reaching the question of timeliness.

¶10 Bevan contends that Section 106(1)(d) is inapplicable to his 2018 Petition because the dismissal of his 2010 Petition on timeliness grounds does not qualify as "rais[ing] or address[ing]" claims "in any previous request for post-conviction relief." *See* Utah Code Ann. § 78B-9-106(1)(d) (LexisNexis 2018). The State contends that "[t]he expansive language" of Section 106(1)(d) "evidences clear legislative intent to broadly apply the successive petition bar beyond . . . requir[ing] an adjudication on the merits." We first interpret the statutory language in question and conclude that the State's interpretation is correct. We then evaluate whether the 2018 Petition was properly denied under a correct interpretation of Section 106(1)(d) and conclude that the district court did not err.

¶11 For all questions of statutory interpretation, we begin by looking at the plain language. *Bryner v. Cardon Outreach, LLC*, 2018 UT 52, ¶ 9, 428 P.3d 1096. In doing so, "we assume that the legislature used each term advisedly according to its ordinary and usually accepted meaning," *Muddy Boys, Inc. v. Department of Com.*, 2019 UT App 33, ¶ 12, 440 P.3d 741 (quotation simplified), and interpret the language in such a way "that no part or provision will be inoperative or superfluous, void or insignificant," *State v. Jeffries*, 2009 UT 57, ¶ 9, 217 P.3d 265 (quotation simplified). Should we conclude the language is "unambiguous and provides a workable result," our analysis is complete. *Torrie v. Weber County*, 2013 UT 48, ¶ 11, 309 P.3d 216 (quotation simplified).

¶12    First, by using the disjunctive "or" in Section 106(1)(d), the legislature "clearly mandate[d]" that there exist three alternative ways an issue may be precluded from post-conviction review. *See Calhoun v. State Farm Mutual Auto. Ins. Co.*, 2004 UT 56, ¶ 20, 96 P.3d 916 (explaining that the legislature's use of "or" mandates alternative options); *Mike's Smoke, Cigar & Gifts v. St. George City*, 2017 UT App 20, ¶ 24, 391 P.3d 1079. Accordingly, the Section 106(1)(d) procedural bar applies if (1) the petitioner previously "raised" an issue for post-conviction review, (2) the petitioner "could have . . . raised" an issue "in a previous request for post-conviction relief," or (3) the issue was "addressed in any previous request for post-conviction relief." Utah Code Ann. § 78B-9-106(1)(d). To successfully invoke Section 106(1)(d), the State need plead that only one of the above scenarios exists. *See id.*; *see also Berger v. Minnesota Mutual Life Ins. Co. of St. Paul, Minn.*, 723 P.2d 388, 390 (Utah 1986) (per curiam) (explaining that a party need only prove one statutory alternative is applicable when expressed in the disjunctive).

¶13   By its plain meaning, the term "raise" in this context means "to bring up for consideration" or "introduce into discussion." *See Raise*, Webster's Third New Int'l Dictionary (2002); *see also Raise*, Black's Law Dictionary (11th ed. 2019) (defining raise as "[t]o bring up for discussion or consideration; to introduce or put forward," as illustrated in the phrase, "the party raised the issue in its pleading"). The term "address" means "to deal with." *Address*, Merriam-Webster, https://www.merriam-webster.com/dictionary/address [https://perma.cc/BMS5-BP2N]. The two terms are not synonymous; there exists a "meaningful distinction," *see Jeffries*, 2009 UT 57, ¶¶ 9, 11 (explaining that we read statutes with "meaningful distinction, such that each provision is attributed a significant and operative purpose"). A party can "raise" an issue by introducing it to a court even if the court does not ultimately engage in "discussion or consideration" of the issue. *See Raise*, Webster's Third New Int'l Dictionary (2002);

*Raise*, Black's Law Dictionary (11th ed. 2019). Conversely, an issue is not "addressed" unless it is dealt with by the court, which implies ruling on the issue. *See Address*, Merriam-Webster, https://www.merriam-webster.com/dictionary/address [https://perma.cc/BMS5-BP2N]. Our supreme court illustrated this dichotomy when discussing a criminal defendant's post-conviction claims in *Archuleta v. State*, 2020 UT 62, 472 P.3d 950. There, the court differentiated issues "raised" by the petitioner in post-conviction proceedings from issues that were "addressed"—issues determined on the merits by the court in a written opinion. *See id.* ¶¶ 71–72, 75–76. And this distinction is made clearer when looking at the plain text of the statute; implicit in barring hypothetical claims that "could have been" raised is the notion that these claims are procedurally barred by Section 106(1)(d) despite the fact that they have never been addressed on the merits.

¶14 Further support for this interpretation of Section 106(1)(d) can be found in other appellate precedent. Without considering the specific interpretation question presented here, the Utah Supreme Court acknowledged "that an individual claim need not itself be adjudicated or 'addressed on [its] merits' to be barred under the PCRA. The statute clearly sweeps more broadly than that." *Hand v. State*, 2020 UT 8, ¶ 10 n.1, 459 P.3d 1014 (quoting Utah Code § 78B-9-106(1)(d)).[4] Thus, in accordance

---

4. In *Hand v. State*, 2020 UT 8, 459 P.3d 1013, the court declined to delineate how broadly the PCRA procedural bars sweep. *See id.* ¶ 10 nn.1–2. The court did, however, exclude voluntary dismissals from Section 106(1)(d)'s procedural bar because settled caselaw establishes that a voluntary dismissal "renders the proceedings a nullity and leaves the parties as if the action had never been brought." *Id.* ¶ 4 (quotation simplified). Our interpretation of this procedural bar is consistent with *Hand*. Because a voluntarily dismissed claim is treated as if it were

(continued…)

with the plain language of the statute and controlling caselaw, we conclude that the Section 106(1)(d) procedural bar applies under any of these circumstances: (1) where the post-conviction claims were previously raised by the petitioner and not voluntarily dismissed; (2) where the post-conviction claims could have been, but were not, previously brought in a previous request for post-conviction relief; and (3) where the post-conviction claims were previously decided on the merits.

¶15 Bevan disputes this interpretation of "raise," arguing that "he has never actually raised any claims" and "[h]e could not have raised any of these claims," because he "has never had the opportunity of testing the merits of *any* of his claims." According to Bevan, "we should consider the issues raised" only when the "court can actually consider" a post-conviction claim.[5] But under

---

(…continued)

never introduced to the court, it does not trigger Section 106(1)(d); this is so because the claim was not "raised" and it necessarily follows that it could not have been "addressed." *See* Utah Code Ann. § 78B-9-106(1)(d) (LexisNexis 2018). Bevan's claims are not exempt from Section 106(1)(d) under *Hand* because they were not voluntarily dismissed; rather, the 2010 Petition was dismissed for being untimely. *See supra* ¶ 3.

5. Bevan also argues that he did not actually raise his claims because "no court heard" the 2010 Petition due to it being time-barred. In making this argument, Bevan compares the time bar in Utah Code section 78B-9-107(1) to Utah's plea withdrawal statute, which bars direct appeals challenging pleas after sentencing, *see* Utah Code Ann. § 77-13-6(2)(b) (LexisNexis 2017). But the two are quite dissimilar. The plea withdrawal statute establishes a *jurisdictional* bar "preclud[ing] consideration of the merits of [a plea] issue on appeal." *See, e.g., State v. Rettig*, 2017 UT 83, ¶¶ 43–44, 416 P.3d 520. In contrast, the time bar in the

(continued…)

the plain language of Section 106(1)(d), the procedural bar applies even where a claim is not considered and is merely brought to the court for consideration. Contrary to Bevan's assertion, "testing the merits" of post-conviction claims is not required for the procedural bar to apply.[6] *See* Utah Code Ann. § 78B-9-106(1)(d). Such an interpretation would disregard the use of the disjunctive and the plain meaning of "raise," rendering that clause superfluous. *See Jeffries*, 2009 UT 57, ¶¶ 9–11. This reading of the statute is untenable.

---

(…continued)

PCRA is a "statute of limitations," *Winward v. State*, 2012 UT 85, ¶ 29, 293 P.3d 259, and "statutes of limitations are . . . not jurisdictional in the civil context," *In re S.O.*, 2005 UT App 393, ¶ 8, 122 P.3d 686 (quotation simplified); *see also* Utah Code Ann. § 78B-9-102(1)(a) (LexisNexis 2018) (explaining that post-conviction proceedings are civil).

6. Bevan offers federal caselaw to support his claim that the Section 106(1)(d) procedural bar is inapplicable here. These cases are readily distinguishable. As noted, in Utah's state courts, a right to direct criminal appeal is reinstated through a so-called *Manning* motion. *See Garcia*, 2018 UT App 129, ¶ 15. Once reinstated, a defendant proceeds to file an appeal seeking relief. *See* Utah R. App. P. 4(f). In federal courts, the same procedural motion is used for both the reinstatement of the right to appeal and post-conviction relief. *See, e.g., Shepeck v. United States*, 150 F.3d 800, 801 (7th Cir. 1998) (per curiam). In those circumstances, once a defendant's direct appeal right has been reinstated, the petitioner starts afresh with a new motion for post-conviction relief only because the prior request for post-conviction relief "merely reinstated the right to a direct appeal" and never raised issues with the conviction itself. *United States v. Scott*, 124 F.3d 1328, 1330 (10th Cir. 1997) (per curiam).

¶16    Bevan also contends that to "raise" claims sufficient to trigger Section 106(1)(d)'s procedural bar, the claims must have accrued and been procedurally proper. Given Bevan received a new direct appeal in 2017 with his *Manning* motion, *see supra* ¶ 5, he now argues he never actually "raised," or could have raised, any issues in his 2010 Petition because post-conviction relief is only available, and does not accrue, until all other legal remedies are exhausted. *See Johnson v. State*, 2006 UT 21, ¶ 22, 134 P.3d 1133 ("Relief under the PCRA is available only to a 'person who challenges a conviction or sentence for a criminal offense and who has exhausted all other legal remedies.'" (quoting Utah Code Ann. § 78B-9-102(1)(a))); *see also* Utah Code Ann. § 78B-9-107. Therefore, Bevan asserts, he "was procedurally unable to raise any PCRA claims" prior to 2018.[7] But Section 106(1)(d) applies to "any" post-conviction issues previously "raised," or that "could have been . . . raised," by being introduced to the court. *See supra* ¶¶ 12–14. And in interpreting the plain language, no extra-statutory exceptions will be inserted without a solid basis in the law. *See Winward v. State*, 2012 UT 85, ¶¶ 43–44, 293 P.3d 259 (Lee, J., concurring); *cf. Belnap v. Howard*, 2019 UT 9, 437 P.3d 355 (declining to read a bad faith exception in a statute where no basis for it existed in the plain language). Nothing in

---

7. In making this argument, Bevan intertwines Section 106(1)(d)'s procedural bar with the time bar, essentially arguing that a court turns to a procedural bar only after determining the propriety of claims under the time bar. Yet in statute and caselaw, the PCRA procedural and time bars are treated as two distinct inquiries. *See, e.g.*, Utah Code Ann. § 78B-9-106(2); *Gardner v. State*, 2010 UT 46, ¶¶ 59–60, 234 P.3d 1115. And we regularly affirm dismissal of cases based on a procedural bar without addressing the propriety of the case under the time bar. *See Kissell v. State*, 2010 UT App 123U, para. 4 ("We do not further address the time bar because the procedural bar is dispositive.").

the plain language creates an exception allowing a party to reintroduce issues that were not *properly* or *timely* raised. Thus, the propriety of the 2010 Petition is inconsequential to our application of the procedural bar.

¶17 Applying our interpretation of Section 106(d)(1) to the facts of the case, we hold that the claims presented in the 2018 Petition are procedurally barred. The 2010 Petition qualifies as a "previous request for post-conviction relief" that "raised" three grounds for review.[8] *See* Utah Code Ann. § 78B-9-106(1)(d). The first two claims in the 2018 Petition (that Counsel was ineffective for failing to investigate Lunesta and that police violated Bevan's *Miranda* rights) are barred because they are nearly identical to those raised in the 2010 Petition. *Id.* (precluding from review

---

8. Citing rule 41 of the Utah Rules of Civil Procedure, the State urges us to go further and hold the three issues in the 2010 Petition were "addressed" for the purposes of the PCRA. *See* Utah R. Civ. P. 41(b) ("Unless the dismissal order otherwise states, . . . any dismissal not under this rule, other than a dismissal for lack of jurisdiction, improper venue, or failure to join a party . . . , operates as an adjudication on the merits."). We note that some questions remain regarding whether a dismissal under the PCRA's procedural bar represents an involuntary dismissal on the merits under rule 41 or if it operates as a "precondition to suit" for which a "party's failure to satisfy . . . results in an adjudication for lack of jurisdiction" and not an adjudication on the merits. *See McBride-Williams v. Huard*, 2004 UT 21, ¶¶ 12–13, 94 P.3d 175 (quotation simplified). In particular, some PCRA caselaw implies that a dismissal on the procedural bar is not an adjudication on the merits. *See, e.g.*, *Gardner*, 2010 UT 46, ¶¶ 90–97. Because the parties did not brief this issue and we can readily affirm on the grounds that the 2010 Petition previously "raised" issues in a post-conviction proceeding, we need not reach this argument.

"any ground that . . . was raised . . . in any previous request for post-conviction relief"). *Compare supra* ¶ 3, *with supra* ¶ 6. *See generally Myers v. State*, 2004 UT 31, ¶ 14 & n.1, 94 P.3d 211 (explaining that new arguments that are "nearly identical" or "closely related" to arguments previously raised in post-conviction proceedings are procedurally barred under the PCRA).

¶18    As to his second two claims (that Counsel rendered ineffective assistance by failing to request a hearing to evaluate Bevan's mental capacity and that Counsel had a conflict of interest), Bevan has not carried his burden to explain why he was unable to raise these claims in the 2010 Petition. *See* Utah Code Ann. § 78B-9-105(1)(a), (2) (LexisNexis 2018) (placing the burden of proof on the petitioner to prove "by a preponderance of the evidence the facts necessary to entitle the petitioner to relief"); *see also Archuleta*, 2020 UT 62, ¶¶ 80, 83 (explaining that to avoid Section 106(1)(d)'s procedural bar, a petitioner must provide "facts" or "new evidence or information" explaining why the claim could not have been previously raised). Indeed, in support of this position Bevan relies solely on his statutory interpretation argument—that "[h]e could not have raised [either] of these claims because he has never actually raised claims." Because we have rejected this interpretation, Bevan is left without evidence or facts to explain why these claims should not be procedurally barred from review as claims that "could have been, but [were] not raised, in a previous request for post-conviction relief." *See* Utah Code Ann. § 78B-9-106(1)(d).

¶19    As noted, Bevan also challenges the district court's dismissal of the 2018 petition as time-barred under section 78B-9-107(1) of the Utah Code. In deciding Bevan's 2018 Petition on the procedural bar, we have no occasion to consider the merits of his time-bar argument.

CONCLUSION

¶20    We conclude that for the purposes of the PCRA Section 106(1)(d) procedural bar, a claim is "raised" where it is introduced to the court for review. Thus, Bevan's 2018 Petition is procedurally barred because the claims presented were "raised" or "could have been . . . raised," *see* Utah Code Ann. § 78B-9-106(1)(d), in the 2010 Petition. Accordingly, we affirm the district court's dismissal of the 2018 Petition.

_____