**2020 UT App 158**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
LUIS FERNANDO SANCHEZ,
Appellant.

Opinion
No. 20190250-CA
Filed November 19, 2020

Third District Court, West Jordan Department
The Honorable L. Douglas Hogan
No. 151400466

Emily Adams, Attorney for Appellant

Sean D. Reyes and John J. Nielsen, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES DAVID N. MORTENSEN and DIANA HAGEN
concurred.

CHRISTIANSEN FORSTER, Judge:

¶1      Luis Fernando Sanchez appeals the district court's denial of his motion to suppress and his motion for an evidentiary hearing. We affirm.

### BACKGROUND

¶2      A police officer (Officer) investigated a loud house party after several neighbors called to complain about the noise. As Officer drove to the location, neighbors further reported that the party had spilled onto the street and a fight had ensued.

¶3      Still in his patrol car, Officer approached the house and saw fifteen to twenty people in the street and on the nearby sidewalk. Several partygoers were getting in their cars to leave, and others were fleeing on foot. A few of the cars headed toward Officer, and he activated his red and blue overhead lights and stopped his marked patrol car. He got out of his car and raised his hands in the air to signal the drivers to stop. Officer positioned his vehicle at an angle in the middle of the road to convey the message that "the road was blocked and [the drivers] were not to proceed past the patrol car."

¶4      Sanchez, who was driving one of the approaching vehicles, ignored Officer's hand signals and shouts to stop, the angled patrol car, and the flashing lights and drove around the patrol car. Officer reported that he made eye contact with Sanchez and that Sanchez was aware of his presence. Officer even slapped the hood of Sanchez's car—"making a fairly loud audible noise"—in an effort to persuade Sanchez to stop and to send the message that Sanchez was "not free to go."

¶5      Sanchez continued his drive about a block to a nearby intersection, where other officers had blocked the road. Officer approached Sanchez's vehicle after hearing the other officers yelling at Sanchez to stop his vehicle, turn off the engine, and put his hands on the steering wheel. Three women were in the vehicle with Sanchez. Sanchez did not cooperate with police commands and refused to exit the vehicle because he "didn't feel that [the police] had legal grounds to be contacting him." Officer observed that Sanchez seemed "upset" and "agitated." Sanchez shouted profanities at the officers and suggested that they should pepper spray him.

¶6      As Officer stood near Sanchez's lowered driver-side window, he detected the odor of alcohol. Officer opened the driver-side door and ordered Sanchez out, and Sanchez finally complied. As Officer stood near Sanchez, he could smell the "very strong odor of alcohol from [Sanchez's] breath" and

deduced that Sanchez had been drinking. Officer also observed that Sanchez's "eyes appeared to be kind of glossed or glazed over," which Officer's experience suggested was a common sign of intoxication.

¶7 Officer handcuffed Sanchez and walked him toward the patrol car. Sanchez refused to proceed, insisting that Officer had "no reason to arrest him" and that he would not get in the patrol car. Officer then asked Sanchez to complete some field sobriety tests. Sanchez failed the horizontal gaze nystagmus test (HGN test) that Officer performed on Sanchez's eyes, showing six out of six possible clues indicating that Sanchez might be impaired. At this point, Sanchez informed Officer that "he wouldn't have the ability to complete the other [field sobriety] tests."

¶8 Officer told Sanchez that he was under arrest for driving under the influence of alcohol (DUI) and transported him to the local police station. At the station, Officer attempted to administer other field sobriety tests but was unable because Sanchez was, in Officer's words, "passively" uncooperative.

¶9 Officer then requested a search warrant to obtain a blood sample from Sanchez. Officer listed the following facts in his affidavit in support of the search warrant request: (1) He was dispatched on a report of fighting in the street. (2) A neighbor had reported that those involved in the fight were leaving. (3) Officer arrived on the scene, activated the emergency lights of his patrol car, and pulled in front of Sanchez's vehicle. (4) As Officer approached Sanchez's vehicle, Sanchez drove forward and around Officer's patrol car. (5) Officer made eye contact with Sanchez, raised both hands motioning him to stop, and yelled, "Stop, Police!" (6) Sanchez continued to drive forward and forced Officer to step to the side. (7) Officer placed his hands on the hood of Sanchez's moving vehicle. (8) Sanchez continued to ignore Officer's verbal commands to stop and accelerated rapidly away from the scene. (9) Officer radioed to other patrol units, who were able to block Sanchez at a nearby intersection.

(10) Sanchez disobeyed commands to place his hands in the air and resisted attempts to place him in custody after he exited the vehicle. (11) Officer smelled the "strong odor of alcohol coming from the breath" of Sanchez. (12) Sanchez's speech was slurred and his eyes were red and bloodshot. (13) Sanchez admitted to consuming alcohol. (14) Open containers of beer were located under the driver seat. (15) Sanchez failed field sobriety tests. (16) Sanchez refused to submit to a breath test.

¶10     The warrant was approved, and the blood test revealed Sanchez's blood alcohol content to be .13%. The State charged Sanchez with failure to stop at the command of a police officer, interference with an arresting officer, DUI, and having an open container in his vehicle.

¶11     Sanchez filed two motions to suppress the results of the HGN test and the blood test. First, Sanchez moved to suppress all the evidence on the ground that Officer did not have probable cause to arrest him for DUI. The district court denied the motion, concluding that Sanchez's failure of the HGN test, when combined with the odor of alcohol on Sanchez and his "belligerence and fleeing," gave Officer probable cause to arrest Sanchez for DUI. The court also determined that Officer had "probable cause to arrest for failing to stop at the command of a police officer" and "that [arrest] would have allowed the impound of the vehicle and the resulting seizure." *See* Utah Code Ann. § 76-8-305.5 (LexisNexis Supp. 2020). The court concluded, "The vehicle was searched incident to arrest and empty alcohol containers were found in the driver's area. That search was permissible under these facts." Thus, the district court denied the motion on two grounds when it concluded that Officer had (1) probable cause to arrest Sanchez for DUI and (2) probable cause to arrest him for failing to stop.

¶12     Second, Sanchez requested an evidentiary hearing to suppress the results of the blood draw, arguing that Officer had misrepresented and omitted certain facts in the affidavit

supporting the warrant request. Among the more significant discrepancies Sanchez identified were (1) that Officer said Sanchez had slurred speech in the affidavit, but he made no mention of slurred speech in his police report or court testimony; (2) that Officer indicated open containers were found under Sanchez's driver seat, but police found only two empty glass beer bottles under the seat; and (3) that Officer represented that Sanchez had failed multiple field sobriety tests, when he had failed only one. Sanchez argued that under *Franks v. Delaware*, 438 U.S. 154 (1978), the search warrant was invalid because the affidavit supporting it "included materially false and misleading information." *See id.* at 165 ("[A] warrant affidavit must set forth particular facts and circumstances underlying the existence of probable cause, so as to allow the magistrate to make an independent evaluation of the matter."); *see also State v. Garcia*, 2007 UT App 228, ¶ 8, 164 P.3d 1264 ("In *Franks*, the Supreme Court held that a search warrant based on deliberate falsehoods or a reckless disregard for the truth must be evaluated to determine whether the affidavit supporting the warrant would still support probable cause once the false information is removed." (quotation simplified)). The district court denied the motion, concluding that the "discrepancies between the affidavit and the other 'facts' [were] not substantial enough to justify a finding" that Officer's "statements were intentionally false or misleading" such that the search warrant was unlawfully issued.

¶13    Sanchez pleaded guilty to failure to stop at the command of a police officer and DUI, while preserving his right to challenge the denial of his suppression motions on appeal. *See State v. Tirado*, 2018 UT App 132, ¶ 11 n.2, 428 P.3d 70 ("With the consent of the prosecution and the approval of the judge, a defendant may enter a conditional guilty plea, while preserving a suppression issue for appeal." (quotation simplified)); Utah R. Crim. P. 11 ("A defendant who prevails on appeal [after entering a conditional plea of guilty] shall be allowed to withdraw the plea."). Sanchez appeals.

ISSUES AND STANDARDS OF REVIEW

¶14 Sanchez first alleges that the district court erred in denying his first motion to suppress, arguing that Officer lacked the probable cause necessary to arrest him. Sanchez next asserts that the district court erred in denying his request for a *Franks* evidentiary hearing, *see supra* ¶ 12, to explore the alleged false and misleading statements in the search warrant affidavit, which supported the issuance of the warrant.[1] "We review a denial of a

---

1. Sanchez also filed a motion for remand under rule 23B of the Utah Rules of Appellate Procedure, arguing that his trial counsel was ineffective for improperly advising "Sanchez to plead guilty when the State did not preserve exculpatory evidence"—namely, video from the patrol car's dash camera and video taken at the police station of the attempted field sobriety tests—thereby violating his due process rights. We decline to consider this aspect of the motion because we lack jurisdiction to do so. This aspect of his rule 23B motion does not deal with the suppression of evidence; rather, it is essentially a request to withdraw his plea. But the plea withdrawal statute requires that "a request to withdraw a plea of guilty . . . be made by motion before sentence is announced." Utah Code Ann. § 77-13-6(2)(b) (LexisNexis 2017). And any challenge to a guilty plea not made before sentence is imposed must be pursued in a post-conviction proceeding. *Id.* § 77-13-6(2)(c). "[F]ailure to withdraw a guilty plea within the time frame dictated by [the plea withdrawal statute] deprives the trial court and appellate courts of jurisdiction to review the validity of the plea." *State v. Ott*, 2010 UT 1, ¶ 18, 247 P.3d 344. Furthermore, "a defendant may not overcome a failure to timely withdraw his guilty plea even if the failure is styled as a claim of ineffective assistance of counsel." *Id.* (quotation simplified); *see also State v. Badikyan*, 2020 UT 3, ¶ 12, 459 P.3d 967 ("[T]he [plea withdrawal] statute prohibits appellate review of all unpreserved plea challenges raised on

(continued…)

motion to suppress as a mixed question of law and fact and will disturb the district court's factual findings only when they are clearly erroneous, but we afford no deference to the district court's application of law to the underlying factual findings." *State v. Paredez*, 2017 UT App 220, ¶ 11, 409 P.3d 125 (quotation simplified).

## ANALYSIS

### I. Probable Cause

¶15    Sanchez argues that his arrest violated the Fourth Amendment because Officer did not have probable cause to arrest him for DUI and that, consequently, the district court erred in denying his motion to suppress the evidence (namely, the results of the HGN test and the blood draw) gathered as a result of the arrest. We conclude that Officer did have probable cause to make the arrest.

¶16    Officer had probable cause to detain and arrest Sanchez after he failed to stop and fled, a point that Sanchez admits on appeal when he acknowledges that "the district court correctly reasoned that . . . [O]fficer could have arrested . . . Sanchez for failure to stop." Sanchez, however, argues that failure to stop was "not the reason" Officer arrested him; rather, Sanchez argues that Officer arrested him "for DUI . . . [when Officer] did not have probable cause to arrest" him for DUI.

¶17    But an officer's subjective reason for making an arrest is irrelevant to the question of probable cause, a principle explicitly articulated by the United States Supreme Court and reiterated by

---

(…continued)
*untimely* motions to withdraw, including those that fall within the traditional exceptions to the preservation doctrine.").

Utah's appellate courts. In *Devenpeck v. Alford*, 543 U.S. 146 (2004), the Supreme Court considered the issue of probable cause involving the arrest of a defendant for a different crime from the one with which he was later charged. The court reasoned,

> An arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause. That is to say, [the] subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause. . . . The fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action. The Fourth Amendment's concern with reasonableness allows certain actions to be taken in certain circumstances, *whatever* the subjective intent. Evenhanded law enforcement is best achieved by the application of objective standards of conduct, rather than standards that depend upon the subjective state of mind of the officer.

*Id.* at 153 (quotation simplified); *accord Whren v. United States*, 517 U.S. 806, 812–13 (1996); *see also State v. Applegate*, 2008 UT 63, ¶ 17, 194 P.3d 925 ("[A] police officer's subjective intent and thoughts are irrelevant to the reasonable suspicion inquiry, as well as an improper basis for invalidating an arrest."); *State v. Roberts*, 2018 UT App 92, ¶ 13, 427 P.3d 416 ("[T]he crime with which a suspect is eventually charged is irrelevant to the question of whether probable cause existed in the first place.").

¶18    *Devenpeck*, along with Utah appellate law, is controlling here. Whether Officer possessed probable cause to arrest Sanchez for DUI is irrelevant. What is relevant is whether the

objective circumstances—the "known facts," *see Devenpeck*, 543 U.S. at 153—provided probable cause for Sanchez's arrest. Officer's "subjective reason for arresting" Sanchez—the belief that Sanchez was driving while intoxicated—"does not undermine the district court's conclusion that the arrest was nevertheless constitutional" on the ground that Officer had probable cause to arrest Sanchez for failure to stop. *See State v. McLeod*, 2018 UT App 52, ¶ 17, 424 P.3d 1039. And Sanchez does not address this alternative ground identified by the district court for denying his motion to suppress. To the contrary, he admits on appeal that the district court correctly reasoned that Officer could have arrested him for failure to stop. An appellate court "will not reverse a ruling of the district court that rests on independent alternative grounds where the appellant challenges only one of those grounds." *State v. Simmons*, 2017 UT App 224, ¶ 19, 409 P.3d 129; *see also State v. Roberts*, 2015 UT 24, ¶ 38, 345 P.3d 1226; *State v. Thornock*, 2020 UT App 138, ¶ 29.

¶19   Because Sanchez concedes that Officer had probable cause to arrest him for failure to stop, we conclude the district court did not err in denying Sanchez's first motion to suppress.

## II. Search Warrant

¶20   Sanchez also complains that defects in certain information provided in Officer's search warrant affidavit required the district court to hold an evidentiary hearing and that the court erred in denying his motion to that effect. Specifically, Sanchez argues that certain statements in the affidavit were "intentionally or knowingly false or made with a reckless disregard for the truth." We disagree that an evidentiary hearing was required because, even if the challenged statements are omitted, the affidavit still established probable cause for the blood draw warrant.

¶21   Where a defendant makes a "showing that a false statement knowingly and intentionally, or with reckless

disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). Thus, three conditions must be satisfied to obtain a *Franks* hearing: (1) a false statement must have been made, (2) it must have been made knowingly and intentionally or with reckless disregard for the truth, and (3) it must have been necessary to the finding of probable cause. *See United States v. White*, 850 F.3d 667, 673 (4th Cir. 2017). If all three conditions are met, the "warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *See State v. Krukowski*, 2004 UT 94, ¶ 14, 100 P.3d 1222 (quotation simplified). Furthermore, "the *Franks* threshold is even higher for defendants making claims of omissions rather than affirmative false statements because of the myriad inferences that can be drawn from an omission. Indeed, the mere fact that the affiant did not list every conceivable conclusion does not taint the validity of the affidavit." *State v. Fuller*, 2014 UT 29, ¶ 27, 332 P.3d 937 (quotation simplified).

¶22    Here, Sanchez specifically identifies three statements in the warrant affidavit as impacting its validity: (1) Officer said Sanchez had slurred speech, even though that information was not included in the police report or court testimony; (2) Officer said open containers were found under Sanchez's seat, when only empty beer bottles were found; and (3) Officer said Sanchez had failed field sobriety *tests*, when he had failed only *one* test.

¶23    Even if we assume that Officer's affidavit contained intentionally, knowingly, or recklessly made inaccurate statements, we are not persuaded that these statements were necessary for a finding of probable cause for the warrant to issue. That is, if we excise the challenged statements, the affidavit still contained ample information supporting a finding of probable cause, *supra* ¶ 9, most notably that at the scene of his

arrest, Sanchez had the odor of alcohol about him, refused to take a breath test, refused to stop at Officer's command, admitted to having been drinking,[2] was belligerent when stopped, appeared to have red and bloodshot eyes, and continued to be uncooperative at the police station when further field sobriety tests were requested. *See State v. Jones*, No. M2017-00577-CCA-R3-CD, 2018 WL 1512063, at *4 (Tenn. Crim. App. Mar. 27, 2018) ("In order to be essential to the establishment of probable cause, the false statement must be the only basis for probable cause or if not, the other bases, standing alone, must not be sufficient to establish probable cause." (quotation simplified)); *see also United States v. Blakeney*, 949 F.3d 851, 859 (4th Cir. 2020) (determining that driver error, the odor of alcohol emanating from the vehicle, and a suspect's combativeness were, when taken together, "sufficient to establish probable cause" to support a blood-draw warrant); *State v. Barber*, 681 A.2d 348, 351–52 (Conn. App. Ct. 1996) ("It was not unreasonable for the magistrate to believe that a criminal offense had taken place on the basis of the facts that the defendant was operating a motorcycle with an unobstructed view of the road, failed to observe a motor vehicle stopped in the road with its lights on in time to avoid the collision, had a strong odor of liquor on his

---

2. In his rule 23B motion, Sanchez denies that he made a statement to Officer that he had been drinking, and he asserts that he informed trial counsel of this alleged falsity and that counsel failed to make that argument in the second motion to suppress. But we fail to see how this admission would have made a difference to the probable cause calculation for the warrant. Even if his trial counsel had successfully argued that Sanchez's drinking admission should not have been included in the affidavit, the other facts set forth in the affidavit that supported probable cause were still sufficient for the warrant to be issued. *See Honie v. State*, 2014 UT 19, ¶ 31, 342 P.3d 182 (stating that "failure to establish" deficient performance *and* prejudice "is fatal to an ineffective assistance of counsel claim").

breath and admitted to having been drinking alcohol shortly before the accident."); *Nava v. State*, No. 08-11-00127-CR, 2012 WL 3364230, at *4 (Tex. Ct. App. Aug. 15, 2012) (stating that the refusal to submit to a breath test and an officer's notes regarding field sobriety evaluations, "together with reasonable inferences derived from those facts, . . . provided the magistrate with a substantial basis to determine that probable cause existed for the issuance of the blood draw search warrant").

¶24   "Here, considering the omitted information and purging the information claimed to be misleading, we conclude that [Officer's] affidavit sufficiently demonstrates probable cause" to support issuing the blood-draw warrant. *See Doyle v. State*, 995 P.2d 465, 472 (Nev. 2000). The affidavit had sufficient accurate information, unchallenged by Sanchez, for the finding of probable cause necessary for the issuance of the warrant, and the alleged misstatements were unnecessary to establish probable cause. Thus, we see no error in the district court's denial of Sanchez's second motion for a *Franks* hearing to suppress evidence. *See id.* ("A defendant is not entitled to suppression of the fruits of a search warrant, even based on intentional falsehoods or omissions, unless probable cause is lacking once the false information is purged and any omitted information is considered.").

## CONCLUSION

¶25   Because Officer had probable cause to arrest Sanchez, the district court did not err in denying Sanchez's motion to suppress. We also conclude that any alleged inaccuracies in the warrant affidavit were inconsequential to the issuance of the warrant.

¶26   Affirmed.