2023 UT App 104

# THE UTAH COURT OF APPEALS

FRANK VAL MODES,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Opinion
No. 20220225-CA
Filed September 21, 2023

Third District Court, Salt Lake Department
The Honorable Keith A. Kelly
No. 200907524

Stephen D. Spencer, Attorney for Appellant

Sean D. Reyes and Mark C. Field,
Attorneys for Appellee

JUDGE RYAN M. HARRIS authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and JOHN D. LUTHY
concurred.

HARRIS, Judge:

¶1     Several years ago, Frank Val Modes was convicted, after a trial, of aggravated sexual abuse of a child, and we affirmed that conviction on direct appeal. *See State v. Modes*, 2020 UT App 136, 475 P.3d 153. More recently, Modes filed a petition for post-conviction relief, asserting that his trial attorneys rendered constitutionally ineffective assistance. But Modes did not allege, in his petition, that his appellate attorneys rendered ineffective assistance during the direct appeal. The district court dismissed Modes's petition, concluding that all of Modes's post-conviction claims either were or could have been raised during the direct appeal, and were therefore procedurally barred under Utah's

Post-Conviction Remedies Act (PCRA). Modes appeals the order of dismissal, and we affirm.

## BACKGROUND

### *The Underlying Criminal Case*

¶2      In 2016, Modes was charged with aggravated sexual abuse of a child. This charge arose from allegations made by Modes's niece (Niece) that when she was younger than five years old, Modes sexually abused her while she attended daycare at his house. As part of its initial investigation, law enforcement interviewed Niece twice at the Children's Justice Center (CJC).

¶3      During a pretrial conference in the criminal case, Modes waived his right to a jury trial and elected to proceed with a bench trial. At trial, the State called several witnesses to support its case-in-chief, including Niece and Modes's ex-wife (Wife).[1] During her testimony, Niece repeated her allegations that Modes had abused her while she was in daycare. These allegations, however, were not the first of this nature to be made against Modes. In 2003, Modes pled "no contest" to sexual battery. That criminal charge stemmed from allegations made by another individual (Prior Victim) that Modes had sexually abused her when she was a young child attending daycare at his house. Because this previous charge involved an act of child molestation, the trial court allowed the State—in accordance with rule 404(c) of the Utah Rules of Evidence—to introduce evidence of Modes's earlier conviction; in particular, the State called Prior Victim to testify at trial, and she described for the court some of the underlying facts that

---

1. Before the criminal trial occurred, Wife and Modes divorced. In Modes's direct appeal, we chose to refer to her as "Wife" rather than "Ex-Wife." *See State v. Modes*, 2020 UT App 136, ¶ 2, 475 P.3d 153. To avoid confusion, we do the same here.

supported Modes's earlier sexual battery conviction. After the State rested its case, Modes testified in his own defense and denied any sexual contact with Niece.

¶4 At the conclusion of the bench trial, the court found Modes guilty. In its findings, the court specifically noted that it found the testimonies of Niece, Wife, and Prior Victim to be credible and that it found Modes's testimony—that he was never inappropriate with Niece and that he was never alone with the children at the daycare—not credible. The court later ordered Modes to serve a prison sentence of fifteen years to life.

¶5 Thereafter, Modes appealed his conviction, asserting that the trial court "erred in admitting the details of Modes's prior acts of child molestation, including testimony of Prior Victim, pursuant to rule 404(c) of the Utah Rules of Evidence." *State v. Modes*, 2020 UT App 136, ¶ 11, 475 P.3d 153. In addition, Modes claimed that his trial counsel "performed deficiently by (1) failing to object to the admission of Prior Victim's testimony, (2) failing to cross-examine Prior Victim, and (3) not calling an expert witness on the issue of early childhood memory recovery." *Id.* ¶ 12. We rejected Modes's arguments, concluding that the court did not err in admitting the testimony of Prior Victim and that Modes had not shown ineffective assistance. *Id.* ¶ 30. We found Modes's ineffective assistance arguments unpersuasive in part because the appellate record did not support the claims and because Modes's appellate counsel had not filed any motion, pursuant to rule 23B of the Utah Rules of Appellate Procedure, to supplement the record. *Id.* ¶¶ 12 n.4, 28 n.9.

*The Petition for Post-Conviction Relief*

¶6 A few weeks after we issued our opinion in Modes's direct appeal, Modes filed a petition for post-conviction relief. In that petition, Modes asserts that his trial counsel rendered constitutionally ineffective assistance, in fifteen particulars, by:

(1) not requesting a jury trial;

(2) not properly advising Modes about his constitutional right to be tried by a jury;

(3) not informing Modes of the strategic reasons for having a jury trial;

(4) not objecting to evidence of "prior bad acts";

(5) not "cross-examining a witness";[2]

(6) not enlisting "the assistance of an expert witness on the subject of witness memory" despite having discussed with Modes a plan to retain such an expert;

(7) not moving "for a bill of particulars with which to establish a timeline for the relevant events to effectively establish an alibi";

(8) not presenting "any character evidence of [Modes] in [his] defense or call[ing] any character witnesses";

(9) not calling "any witness in [Modes's] behalf other than" Modes himself;

---

2. Modes's fourth and fifth claims were not included in his original petition for post-conviction relief, but they were included in a memorandum he filed in support of his petition. The State raises no objection to the manner in which Modes pleaded these two claims; indeed, the State describes Modes's claims in exactly the same way we have set them out here. Accordingly, we follow the parties' lead in assuming, for the purposes of our opinion, that all fifteen of Modes's claims were appropriately pleaded.

(10) not presenting evidence of certain threats Wife was alleged to have made against Modes and attempting to impeach Wife "on the basis of such threats";

(11) not presenting evidence that Niece did not initially identify Modes as the perpetrator in her CJC interview;

(12) not subpoenaing a record of Niece's interview at the CJC;

(13) not subpoenaing recordings of Wife's 2015 interviews with police;

(14) not cross-examining Wife on the substance of her police interviews; and

(15) not investigating or cross-examining any witness on the alleged fact that Niece's stepsister once accused Niece's father of sexually assaulting her.

But while Modes asserted fifteen claims of ineffective assistance of *trial* counsel, he did not assert any claims of ineffective assistance of *appellate* counsel.

¶7 The State moved to dismiss Modes's petition on the grounds that Modes's specific claims are procedurally barred under the terms of the PCRA, which forbids litigants from bringing claims, in a petition for post-conviction relief, that either actually were "raised or addressed" at trial or on direct appeal, or "could have been but [were] not raised" at trial or on direct appeal. *See* Utah Code § 78B-9-106(1)(b), (c). In the State's view, all of Modes's claims either were, or could have been, raised on direct appeal. The district court agreed with the State and accordingly dismissed Modes's petition.

ISSUE AND STANDARD OF REVIEW

¶8    Modes appeals the district court's dismissal of his petition. "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law." *Archuleta v. State*, 2020 UT 62, ¶ 20, 472 P.3d 950 (quotation simplified).

ANALYSIS

¶9    Petitions for post-conviction relief are—for the most part[3]—governed by the PCRA and by rule 65C of the Utah Rules of Civil Procedure. *See* Utah Code § 78B-9-102(1)(a) (noting that the PCRA "establishes the sole remedy for any person who challenges a conviction or sentence for a criminal offense and who has exhausted all other legal remedies"); Utah R. Civ. P. 65C(a) (stating that the PCRA "sets forth the manner and extent to which a person may challenge the legality of a criminal conviction and sentence after the conviction and sentence have been affirmed in a direct appeal"). The PCRA contains certain procedural bars that dictate whether, when, and how post-conviction claims may be brought, and our rules mandate that, before entertaining the merits of any PCRA claims, courts "shall first clearly and expressly determine whether" any of the statutory procedural bars preclude the claims. *See* Utah R. Civ. P. 65(C)(b). In particular,

---

3. Our supreme court recently held that it is at least conceptually possible for certain post-conviction claims to be viable even though they might be barred by the terms of the PCRA. *See Patterson v. State*, 2021 UT 52, ¶ 194, 504 P.3d 92 (stating that courts may have the authority to hear cases that are "time-barred" by the PCRA, but only where the petitioner demonstrates that the time bar violates the petitioner's "constitutional rights"). In this case, Modes makes no assertion that the PCRA's procedural bars violate his constitutional rights.

and as applicable here, the PCRA bars claims that either were "raised or addressed" at trial or on direct appeal, or "could have been . . . raised" but were not raised at trial or on direct appeal. *See* Utah Code § 78B-9-106(1)(b), (c). In this case, the district court concluded that all the claims Modes brought in his PCRA petition either were raised, or could have been raised, on direct appeal, and were therefore precluded by the terms of the PCRA. Modes challenges that determination here on appeal, but we reject that challenge because the court's determination was correct.

¶10    First, the district court correctly concluded that five of the fifteen claims Modes raises in his PCRA petition—claims 4, 5, 6, 8, and 9—actually were raised during his direct appeal. Two of those claims concern the manner in which trial counsel objected (or failed to object) to evidence of prior bad acts, and trial counsel's failure to cross-examine a witness, presumably Prior Victim.[4] One of those claims addresses trial counsel's decision not to call an expert witness to testify about early childhood memory. And the remaining two claims are related to trial counsel's decisions not to present any character evidence in Modes's defense or to call

---

4. We assume, for purposes of our discussion, that the witness Modes complains that his trial counsel did not cross-examine was Prior Victim. In the relevant claim for relief, Modes states simply that trial counsel performed deficiently "by not cross examining a witness." There were only two witnesses that trial counsel did not cross-examine: Prior Victim and an investigating officer. From context, it appears that the witness to whom Modes is referring in this claim is Prior Victim and not the officer; the district court apparently drew the same conclusion. But ultimately, Modes's claim runs headlong into the PCRA's procedural bar either way, because any claim that trial counsel failed to cross-examine Prior Victim *actually was raised* during the direct appeal, and any claim that trial counsel failed to cross-examine the officer *could have been raised* during the appeal.

any witnesses on Modes's behalf other than Modes himself. These issues were all raised and addressed—at least in some fashion—on appeal. *See State v. Modes*, 2020 UT App 136, ¶¶ 12, 25 & n.4, 475 P.3d 153 (addressing, and rejecting, claims that trial counsel was ineffective for "(1) failing to object to the admission of Prior Victim's testimony, (2) failing to cross-examine Prior Victim, and (3) not calling an expert witness in the issue of early childhood memory recovery," and rejecting in a footnote—as insufficiently developed—the claim that trial counsel failed to "call any witnesses or provide any evidence" during the defense's case-in-chief). It is immaterial that we disposed of some of these claims in a footnote on grounds that they were insufficiently supported; claims dismissed in this manner have been raised to and considered by the court and are therefore subject to the PCRA's procedural bar. *See Bevan v. State*, 2021 UT App 107, ¶ 15, 499 P.3d 191 (stating that the PCRA's procedural bar applies to claims that are "merely brought to the court for consideration," and explaining that "testing the merits of post-conviction claims is not required for the procedural bar to apply" (quotation simplified)).

¶11 To the extent that Modes attempts to distinguish these claims from those previously raised in the direct appeal, it is an established principle that even claims framed "somewhat differently" in a petition for post-conviction relief are procedurally barred if they are "nearly identical" to those previously raised. *See Myers v. State*, 2004 UT 31, ¶ 14, 94 P.3d 211. In our view, these five claims are at least nearly identical—if not entirely identical—to claims raised in the direct appeal. The district court was therefore correct to dismiss these five claims pursuant to the PCRA's procedural bar.

¶12 Second, the district court dismissed Modes's remaining ten claims—claims 1–3, 7, and 10–15—on the basis that these claims could have been raised in the direct appeal, even though they were not. A claim could have been raised—and therefore is subject to the procedural bar—when a defendant or the

defendant's counsel "is aware of the essential factual basis for asserting it." *Pinder v. State*, 2015 UT 56, ¶ 44, 367 P.3d 968. We agree with the district court that the remaining ten claims could have been brought in the context of the direct appeal, and are therefore barred by the PCRA's procedural bar.

¶13    The first three of these claims all relate to the propriety of Modes's waiver of his right to a jury trial. In particular, Modes asserts that trial counsel should have requested a jury trial and should have better advised Modes in advance of his waiver. Modes and appellate counsel knew, during the direct appeal, that Modes had waived his right to a jury trial, and presumably knew the particulars of the advice trial counsel gave Modes about that waiver. Thus, Modes and appellate counsel were "aware of the essential factual basis for" these claims during the appeal, and therefore these claims could have been raised at that point. *See id.*

¶14    Another of these claims—claim 7—also could have been raised during the direct appeal. In that claim, Modes asserts that trial counsel was ineffective for failing to request a bill of particulars. Modes and his appellate counsel were undoubtedly aware of the factual basis for this claim; we know this because Modes claimed, during the appeal, that "his due process rights were violated because the criminal information did not provide adequate notice of when the claimed sexual abuse of a minor occurred." *See Modes*, 2020 UT App 136, ¶ 12 n.5. But we rejected this claim because trial counsel failed to preserve it as a claim of error, and because Modes did not assert, in the appeal, that any of the exceptions to preservation—including, notably, ineffective assistance of trial counsel—applied. *Id.* Modes and his appellate counsel were aware of the factual basis for this claim during the direct appeal, and therefore could have brought this claim then.

¶15    Another group of four of Modes's claims—claims 10, 11, 14, and 15—also could have been brought during the direct appeal. All of these claims address omissions Modes now believes

counsel made during trial: not introducing into evidence certain threats Wife allegedly made against him; not presenting evidence that Niece did not initially identify Modes in her CJC interview; not cross-examining Wife about her police interviews; and not cross-examining any witness about the alleged fact that Niece's stepsister once accused Niece's father of sexually assaulting her. The district court determined that Modes and his appellate counsel were well aware of the factual bases for these claims by the time of the appeal, and therefore dismissed the claims as ones that could have been brought at that point. And on appeal, Modes does not actually assert that he, his trial counsel, or his appellate counsel were unaware of the factual bases to support these claims.[5] Accordingly, we discern no error in the court's conclusion that these issues could have been raised on direct appeal.

¶16    And we reach a similar conclusion with regard to the final two claims, the ones numbered 12 and 13. In those claims, Modes asserts that trial counsel rendered ineffective assistance by failing to subpoena recordings of Niece's CJC interviews and of Wife's police interviews. The district court concluded that Modes or his appellate attorney "would have known based on a review of the record that trial counsel did not subpoena" any of those recordings, and that therefore Modes and his appellate attorney knew the factual bases for these claims during the appeal. We agree; indeed, with regard to Niece's CJC interviews, this conclusion is clear from our earlier opinion. *See Modes*, 2020 UT App 136, ¶ 12 n.4. In the direct appeal, Modes asserted that trial counsel "provided ineffective assistance by not seeking to admit [Niece's] CJC interviews into evidence" at trial. *Id.* We rejected

---

5. Indeed, several times in his petition, Modes makes it clear that he and trial counsel were aware of the relevant facts that would give rise to these claims. For example, Modes states that he "told his trial counsel of the threats by [Wife]" but that trial counsel "took no action" regarding this information.

this claim, however, because the interviews were not "part of the record on appeal, and Modes ha[d] not sought to supplement the record or sought a remand to further develop the record pursuant to rule 23B." *Id.*; *see also* Utah R. App. P. 23B(a) ("A party to an appeal in a criminal case may move the court to remand the case to the trial court for entry of findings of fact, necessary for the appellate court's determination of a claim of ineffective assistance of counsel."). A claim could have been brought during direct appeal, for purposes of the PCRA's procedural bar, if a reasonable appellate lawyer would have raised that claim via a rule 23B motion during that appeal. *See McCloud v. State*, 2021 UT 51, ¶ 76, 496 P.3d 179 (stating that an appellate attorney has "an obligation to make [a rule 23B] motion, supplement the record with those facts, and raise the claim on appeal" in situations where "it would be objectively unreasonable" for an attorney "to not do so"). It was certainly possible for Modes's appellate counsel to bring this claim during the direct appeal, and (as discussed below) Modes does not assert, here in this appeal, that his appellate counsel performed deficiently by failing to do so.

¶17   With regard to Wife's police interviews, it is clear from Modes's petition that trial counsel was aware of the content of those interviews but was unsuccessful at attempting to introduce that evidence through Modes's testimony on the grounds of hearsay. Modes and his appellate counsel, by the time of the direct appeal, were therefore fully aware of the factual bases for asserting that claim. Moreover, it would have been apparent to appellate counsel, from a review of the record, that trial counsel unsuccessfully attempted, during the bench trial, to admit into evidence the content of Wife's police interviews. Accordingly, the district court correctly determined that these claims could have been raised at trial or on appeal.

¶18   Thus, the district court correctly determined that all fifteen of the claims Modes raises in his PCRA petition were either actually brought, or could have been brought, during the direct

appeal. The court therefore correctly concluded that all fifteen of Modes's claims are barred by the PCRA's procedural bar.

¶19     We conclude by noting that Modes makes no effort, in his petition, to take advantage of an exception to the PCRA's procedural bar: claims that could have been raised on direct appeal may still be raised in a PCRA petition "if the failure to raise that ground was due to ineffective assistance of counsel." *See* Utah Code § 78B-9-106(3)(a). If any of the ten claims that the district court dismissed because they could have been raised on direct appeal were not raised there due to the ineffectiveness of appellate counsel, then the PCRA does not procedurally bar those claims. *See McCloud*, 2021 UT 51, ¶ 38 (noting that, in many cases in which "the PCRA bars [a petitioner's] direct claims against [t]rial [c]ounsel," the petitioner can "still assert those claims through the lens of an appellate ineffectiveness claim"). But, as already noted, Modes makes no allegations, in his petition, that his appellate counsel rendered ineffective assistance. Modes and his current counsel made clear, during the proceedings before the district court, that Modes was not intending to raise any such claims, stating in the memorandum opposing the State's motion to dismiss that Modes "has not alleged thus far that his appellate counsel was ineffective," and reiterating during oral argument on the motion that Modes was "not arguing that appellate counsel was ineffective." Even on appeal, Modes acknowledges that he "has not expressly alleged in his Petition or other pleadings filed [in the district court] that his appellate counsel on direct appeal from the criminal conviction was ineffective."

¶20     But Modes does, for the first time on appeal, make some effort to assert that appellate counsel rendered ineffective assistance. Such claims are not, however, preserved for our review. *See State v. Johnson*, 2017 UT 76, ¶ 15, 416 P.3d 443 ("When a party fails to raise and argue an issue in the trial court, it has failed to preserve the issue, and an appellate court will not typically reach that issue absent a valid exception to

preservation."). Modes nevertheless asserts that these claims "should be reviewed anyway," and asks us to do so under two of the three exceptions to the preservation requirement. *See State v. Flora*, 2020 UT 2, ¶ 9, 459 P.3d 975 (stating that Utah courts have "recognized three distinct exceptions to preservation: plain error, ineffective assistance of counsel, and exceptional circumstances" (quotation simplified)). Specifically, Modes invokes the exceptions for ineffective assistance of counsel and for exceptional circumstances.[6]

¶21    Application of the ineffective assistance of counsel exception would require that Modes establish that his current counsel—the same attorney who assisted him during the district court PCRA proceedings—was ineffective for not preserving this issue. But "[n]either the right to state-paid counsel nor the right to effective assistance of counsel is constitutionally or statutorily guaranteed in postconviction proceedings." *Gailey v. State*, 2016 UT 35, ¶ 28, 379 P.3d 1278; *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (explaining that "a petitioner cannot claim constitutionally ineffective assistance of counsel in [state post-

---

6. Modes does not invoke the plain error exception. PCRA cases are civil cases, *see* Utah Code § 78B-9-102(1)(a) (stating that PCRA proceedings "are civil and are governed by the rules of civil procedure"), and we have held "that plain error review is not available in ordinary civil cases unless expressly authorized by rule," *Kelly v. Timber Lakes Prop. Owners Ass'n*, 2022 UT App 23, ¶ 44, 507 P.3d 357. Because he does not invoke the plain error exception, he makes no argument that PCRA cases, despite being civil in nature, are nevertheless cases that "involve significant interests on par with those at issue in criminal cases" and thus are cases in which plain error review ought to still be available. *See id.* ¶ 42 n.10. We therefore do not address any such argument.

conviction] proceedings").[7] Because Modes does not have a constitutional right to effective assistance of post-conviction counsel, he cannot rely on the ineffective assistance exception to assert a claim that post-conviction counsel failed to preserve. *See State v. Johnson*, 2011 UT 59, ¶ 16 & n.7, 267 P.3d 880 (determining that "the issue of direct-appeal counsel's effectiveness was not preserved below" where the PCRA petition did "not contain any challenge to the effectiveness of direct-appeal counsel").

¶22    Finally, this case constitutes a poor fit for application of the exceptional circumstances exception. This exception is reserved "for the most unusual circumstances where our failure to consider an issue that was not properly preserved for appeal would have resulted in manifest injustice." *State v. Brown*, 2019 UT App 122, ¶ 17, 447 P.3d 1250 (quotation simplified), *cert. denied*, 456 P.3d 390 (Utah 2019). Specifically, this exception applies only when "a rare procedural anomaly has either prevented an appellant from preserving an issue or excuses a failure to do so." *Id.* ¶ 24 (quotation simplified).[8] But on this record, no procedural anomaly

---

7. In *Patterson*, our supreme court acknowledged that, in jurisdictions where "claims of ineffective assistance of trial counsel could only be brought by a petition for post-conviction relief," a procedural default could be excused if it was caused by ineffective assistance of post-conviction counsel. 2021 UT 52, ¶ 62. However, the court noted that this reasoning does not apply in Utah, where claims for ineffective assistance of trial counsel are allowed on direct appeal. *Id.* ¶ 63; *see also* Utah Code § 78B-9-109(3) ("An allegation that counsel appointed under this section was ineffective cannot be the basis for relief in any subsequent postconviction petition.").

8. Originally, Modes argued that the "unusual circumstances" exception should apply. However, the State correctly pointed out

(continued…)

prevented Modes from raising claims of ineffective assistance of appellate counsel in his PCRA petition. Thus, the exceptional circumstances exception does not apply to Modes's claim.

¶23    Since Modes has not demonstrated that any of the exceptions to the preservation doctrine apply to his ineffective assistance of appellate counsel claims, we decline to consider the merits of any such claims.

CONCLUSION

¶24    The district court correctly determined that all fifteen of the claims Modes raises in his petition are procedurally barred under the PCRA. Modes did not assert, in his petition, that his appellate counsel rendered ineffective assistance, and any such claim is unpreserved for our review. For these reasons, we affirm the district court's dismissal of Modes's petition.

_____

that "unusual circumstances" is not an exception to preservation; instead, it was a judicially created exception (that is no longer efficacious) that petitioners once could rely on to bring certain PCRA claims out from under the procedural bars. *See Patterson*, 2021 UT 52, ¶ 174; *Lucero v. Kennard*, 2005 UT 79, ¶ 43, 125 P.3d 917. In response, Modes abandoned the "unusual circumstances" argument in his reply brief and, instead, chose to focus on the applicability of the exceptional circumstances exception.