2025 UT App 78

## THE UTAH COURT OF APPEALS

LUIS FERNANDO SANCHEZ,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Opinion
No. 20230163-CA
Filed May 22, 2025

Third District Court, West Jordan Department
The Honorable L. Douglas Hogan
No. 220900566

Ian L. Quiel, Debra M. Nelson, and Benjamin Miller,
Attorneys for Appellant, assisted by law student
Mackenzie Skye McBride[1]

Simarjit S. Gill and Ethan Rampton,
Attorneys for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES GREGORY K. ORME and AMY J. OLIVER concurred.

MORTENSEN, Judge:

¶1 Luis Fernando Sanchez appeals the dismissal of his petition brought under Utah's Post-Conviction Remedies Act (the PCRA). He claims that the district court exceeded its discretion in denying his motion to appoint counsel because the court expressly relied on a statute that had been superseded. Sanchez also claims the district court erred in dismissing claims that a prior decision of this court had expressly indicated needed to be brought in a post-conviction proceeding, but which the district

---

1. *See* Utah R. Jud. Admin. 14-807 (governing law student practice in the courts of Utah).

court concluded were nevertheless legally barred. We agree with Sanchez on both issues and reverse.

## BACKGROUND

¶2     Sanchez pled guilty to several offenses, including failure to stop at the command of a police officer and DUI, while preserving his right to challenge the denial of two suppression motions on appeal. *See State v. Sanchez* (*Sanchez I*), 2020 UT App 158, ¶¶ 11, 13, 477 P.3d 501; *see also State v. Tirado*, 2018 UT App 132, ¶ 11 n.2, 428 P.3d 70 ("With the consent of the prosecution and the approval of the judge, a defendant may enter a conditional guilty plea, while preserving a suppression issue for appeal." (cleaned up)); Utah R. Crim. P. 11(j) ("A defendant who prevails on appeal [after entering a conditional plea of guilty] will be allowed to withdraw the plea."). In his direct appeal, Sanchez argued that the district court erred in denying his motion to suppress for lack of probable cause and his motion for a *Franks* evidentiary hearing. *Sanchez I*, 2020 UT App 158, ¶ 14.[2] This court affirmed on both issues, *id.* ¶ 25, and our supreme court thereafter denied certiorari, *see State v. Sanchez* (*Sanchez II*), 481 P.3d 1043 (Utah 2021).

¶3     In his direct appeal, Sanchez also filed a motion under rule 23B of the Utah Rules of Appellate Procedure, alleging, as relevant

---

2. Under *Franks v. Delaware*, 438 U.S. 154 (1978), "a warrant affidavit must set forth particular facts and circumstances underlying the existence of probable cause, so as to allow the magistrate to make an independent evaluation of the matter." *Id.* at 165. Also "in *Franks*, the Supreme Court held that a search warrant based on deliberate falsehoods or a reckless disregard for the truth must be evaluated to determine whether the affidavit supporting the warrant would still support probable cause once the false information is removed." *State v. Garcia*, 2007 UT App 228, ¶ 8, 164 P.3d 1264 (cleaned up).

here, that his trial counsel was ineffective for advising him to plead guilty when the State did not preserve exculpatory video evidence. This court "decline[d] to consider" this argument for lack of jurisdiction, reasoning that it was "essentially a request to withdraw his plea," which had to be "pursued in a post-conviction proceeding." *Sanchez I*, 2020 UT App 158, ¶ 14 n.1.

¶4      In January 2022, Sanchez filed a timely pro se petition under the PCRA, *see* Utah Code §§ 78B-9-101 to -503, alleging four grounds for relief: ineffective assistance of counsel, unconstitutional failure of the prosecution to disclose exculpatory evidence, misconduct by the prosecution and district court judge, and cumulative error. The district court reviewed Sanchez's original petition and allowed all but the cumulative error ground to proceed. After the State filed a motion to dismiss under rule 12(b)(6) and rule 65C of the Utah Rules of Civil Procedure, Sanchez, still acting pro se, filed an amended petition.

¶5      In the amended petition, Sanchez identified seven grounds for relief. For each claim he asserted that the "ground was not raised at trial nor on appeal due to ineffective assistance of counsel [on the] part of trial and appellate attorney." The seven grounds were articulated as follows:

1. "Conviction and sentence obtained by plea of guilty was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea—Sleep Deprived."

2. "Conviction and sentence obtained by plea of guilty was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea—Exculpatory Video Evidence, Due Process Violation."

3. "Trial counsel was ineffective when they advised me to plead guilty."

4. "Misconduct by the prosecution and judge."

5. "Conviction or sentence obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.—Exculpatory Video Evidence."

6. "Attorneys failed to obtain field notes and DUI handwritten report from [the investigating officer] and field notes from other officers involved in the arrest."

7. "Conviction or sentence obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.—Radio Communications of Police."

¶6 The State renewed its rule 12(b)(6) motion to dismiss in response to the amended petition. Sanchez then filed a motion for appointment of counsel, accompanied by an affidavit of indigency. At the hearing for appointment of counsel, which took place on July 21, 2022, the district court determined that Sanchez's case did "not meet the guidelines for appointment of counsel" because the issues were "fairly straightforward" and Sanchez had "done an adequate job of raising" the issues in his petition. In its written order denying Sanchez's request for counsel (issued on the same day as the hearing), the court noted that while there was no statutory or constitutional right to appointed counsel in proceedings instituted via a petition for postconviction relief, it may appoint pro bono counsel. In determining whether to appoint counsel, the court acknowledged that it "must consider 'whether the petition . . . contains factual allegations that will require an evidentiary hearing; and . . . whether the petition involves complicated issues of law or fact that require the assistance of counsel for proper adjudication.'" (Quoting Utah Code section 78B-9-109(2) (2020).)[3] In September 2022, Sanchez

---

3. The court relied on an outdated version of the statute. As of May 5, 2021, the statute articulates five factors the court may

(continued…)

filed a pro se motion in opposition to the State's motion to dismiss. In January 2023, the district court ruled in the State's favor and dismissed Sanchez's amended petition. In its ruling, the district court concluded that Sanchez's ineffective assistance claims were procedurally barred because they were "repeatedly raised" in his direct appeal. *See* Utah Code § 78B-9-106(1)(b) (stating that a "petitioner is not eligible for relief under [the PCRA] upon any ground that . . . was raised or addressed in the trial court, at trial, or on appeal").

ISSUES AND STANDARDS OF REVIEW

¶7      Sanchez appeals, contending that the district court abused its discretion by denying his motion for appointment of counsel. "We review the district court's denial of a motion to appoint counsel under the [PCRA] for an abuse of discretion." *Zaragoza v. State*, 2017 UT App 215, ¶ 14, 407 P.3d 1122.

¶8      Sanchez next asserts that the district court erred in concluding that some of his ineffective assistance of counsel claims were procedurally barred. "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law." *Bevan v. State*, 2021 UT App 107, ¶ 7, 499 P.3d 191 (cleaned up).[4]

---

consider in making the decision to appoint pro bono counsel rather than the two factors mentioned in the outdated statute. *See* Utah Code § 78B-9-109(2) (2021); *see also* Postconviction Remedies Act Amendments, ch. 46, § 4, 2021 Utah Laws 477, 479.

4. Sanchez raises two other issues on appeal. First, he argues that in granting the State's rule 12(b)(6) motion the district court failed

(continued…)

ANALYSIS

I. The District Court Abused Its Discretion in Denying Sanchez's Request for Counsel

¶9 Sanchez contends that the district court abused its discretion in denying his request for counsel because the court failed to apply the factors listed in the current PCRA statute in considering his request. We agree with Sanchez.

¶10 A "district court enjoys wide discretion over the ultimate decision about whether to appoint pro bono counsel in post-conviction cases, as long as the district court, in arriving at its decision, considers the factors that the statute requires it to consider." *Zaragoza v. State*, 2017 UT App 215, ¶ 17, 407 P.3d 1122. "Our supreme court has instructed that a district court abuses its discretion only if its decision was beyond the limits of reasonability, an event which occurs when the district court has taken actions that are inherently unfair or that no reasonable person would take." *Id.* (cleaned up). However, Utah's appellate courts have consistently held that applying the wrong rule or misinterpreting the law constitutes an abuse of discretion in and of itself. *See State v. Gallegos*, 2020 UT App 162, ¶ 11, 479 P.3d 631 (noting that applying the wrong legal standard constitutes an abuse of discretion); *Northgate Village Dev. LC v. Orem City*, 2018 UT App 89, ¶ 23, 427 P.3d 391 ("A district court abuses its discretion . . . where it applies the wrong legal standard or its decision is beyond the limits of reasonability." (cleaned up)), *aff'd*,

---

to address all the grounds raised in the PCRA petition and to accept his material allegations as true. He next claims that the district court wrongly concluded that he had not sufficiently alleged ineffective assistance for his counsel's failure to file a motion to dismiss under *State v. Tiedemann*, 2007 UT 49, 162 P.3d 1106. Because we reverse the district court's decision on other grounds, it is unnecessary for us to address these issues.

2019 UT 59, 450 P.3d 1117; *State v. Martin*, 2017 UT 63, ¶ 19, 423 P.3d 1254 ("As long as the court has not applied the wrong rule or misinterpreted the law, the trial court has wide discretion in determining the admissibility of expert testimony, and such decisions are reviewed under an abuse of discretion standard." (cleaned up)).

¶11 Here, the district court relied on the following statute to reach its decision:

> In determining whether to appoint counsel, the court shall consider the following factors:
>
> (a) whether the petition or the appeal contains factual allegations that will require an evidentiary hearing; and
>
> (b) whether the petition involves complicated issues of law or fact that require the assistance of counsel for proper adjudication.

Utah Code § 78B-9-109(2) (2020). But this statute—with its two factors—was no longer in effect at the time of the court's ruling on July 21, 2022. Instead, as of May 5, 2021, the following statute was operative:

> In determining whether to appoint counsel, the court may consider:
>
> (a) whether the petitioner is incarcerated;
>
> (b) the likelihood that an evidentiary hearing will be necessary;
>
> (c) the likelihood that an investigation will be necessary;
>
> (d) the complexity of the factual and legal issues; and
>
> (e) any other factor relevant to the particular case.

*Id.* § 78B-9-109(2) (2023); *see also* Postconviction Remedies Act Amendments, ch. 46, § 4, 2021 Utah Laws 477, 479.[5]

¶12　The district court thus applied the wrong legal standard. We recognize that the new statute employs the word "may," which likely indicates the legislature's intent to grant district courts some measure of discretion in determining which factors are in play depending on the specific facts of an individual case. *See State v. Diviney*, 2021 UT App 106, ¶ 22, 500 P.3d 883 ("The plain, ordinary, and accepted meaning of the word *may* is permissive or discretionary, generally indicating that an individual is either permitted or has a possibility to do something." (cleaned up)); *State v. Gallegos*, 967 P.2d 973, 978 (Utah Ct. App. 1998) ("The term 'may' is generally construed to be permissive and not mandatory and is generally not interpreted to limit options, but, rather, to clearly define some of those options." (cleaned up)). But a district court cannot possibly exercise that discretion when it operates under a mistake of law as to the version of the statute that applies. The record is plain that, because the district court was applying the wrong statute, it never contemplated the newly established factors at all.[6] It was thus an abuse of discretion to apply a misunderstanding of the applicable law in ruling on Sanchez's request for counsel. Put another way, for a court to ignore a new statute establishing additional factors that may be considered by expressly limiting

---

5. We cite the current version of the statute. While the statute was amended in 2022, the five factors remain the same as they were when Sanchez's motion for appointment of counsel was denied. *See* Postconviction Representation Amendments, ch. 295, § 1, 2022 Utah Laws 2135, 2135. *Compare* Utah Code § 78B-9-109(2) (2021), *with id.* § 78B-9-109(2) (2023).

6. The two factors the district court considered were—in a slightly different form—among the five factors a court may consider in the new statute.

itself to an outdated statutory scheme is a quintessential example of an abuse of discretion.

¶13 But there must be more than just an abuse of discretion for Sanchez to obtain relief. The error of the court must have also prejudiced Sanchez. *See State v. Zimpfer*, 2024 UT App 136, ¶ 58, 558 P.3d 111 ("While we agree [the court's action] was an abuse of discretion, we ultimately determine that this error was harmless. An error is harmless and does not require reversal if it is sufficiently inconsequential that we conclude there is no reasonable likelihood that the error affected the outcome of the proceedings." (cleaned up)). "An error is harmful if there is a reasonable likelihood that the error affected the outcome in the trial court." *State v. McNeil*, 2013 UT App 134, ¶ 51, 302 P.3d 844 (cleaned up), *aff'd*, 2016 UT 3, 365 P.3d 699.

¶14 In this case, the district court's failure to apply the current factors was not harmless. Even though the pre-2021 version of the statute states that a court "shall" consider the two factors in contrast to the five factors in the current statute that the court now "may" consider, the modal verb change doesn't exempt a court from allowing the current statutory scheme to guide its analysis. Here, the court stated that it was relying on "the relevant statute." But it didn't rely on the relevant statute. Instead, it relied on the superseded statute, thus depriving itself of the opportunity to consider the five factors our legislature has deemed relevant to a court's determination on whether to appoint pro bono counsel.

¶15 There is a reasonable likelihood that the district court would have appointed counsel had it been aware of the current factors. Sanchez represented that he was "not trained in the law" and lacked the "resources to hire a private attorney." He alleged that his case involved the existence of "extensive evidence . . . of wrongdoing by . . . the State, Court, and defense counsel." He admitted that the "rules of civil procedure [were] too complex for

[him] to learn and to reply adequately to all the legal actions that will be required in this matter." These representations made by Sanchez would have fallen squarely under two of the factors identified in the new statute—and not present in the older statute—that the court could consider: "the likelihood that an investigation will be necessary" and "any other factor relevant to the particular case." Utah Code § 78B-9-109(2). Given the district court's reliance on the superseded statute, we can conclude only that the court was unaware that these two additional relevant factors were in play. We cannot conclude that the court would have reached the same decision about whether to appoint pro bono counsel had it been aware of the appropriate factors.

¶16    And the lack of counsel certainly harmed Sanchez. Without counsel, Sanchez had to amend his petition and reply to the State's motions. Indeed, in reading Sanchez's amended petition, we discern the kernel of his arguments, but they are presented in an imprecise and confusing way in the context of ineffective assistance of counsel claims. This is especially true where one of the issues presented was the potential procedural bar of issues in the direct appeal over which this court lacked jurisdiction, as explained below. There is a reasonable likelihood that an appointed attorney would have advanced Sanchez's arguments in a fashion that would have prevented the dismissal of the PCRA petition.

¶17    The district court abused its discretion by relying on an outdated version of the statute and depriving itself of the opportunity to consider the relevant factors expressly articulated in the statute. This error harmed Sanchez. Accordingly, we remand this matter to allow the district court an opportunity to consider Sanchez's request for appointed counsel under the applicable statute.

## II. The District Court Erred in Finding Sanchez's Ineffective Assistance Claims Were Procedurally Barred

¶18   We are remanding this case to permit the district court to apply the correct statute with respect to the appointment of counsel. But "[b]ecause the issue will likely arise again on remand, we also take the opportunity to address" Sanchez's argument that the district court erred in disposing of some of his ineffective assistance claims. *See State v. Ogden*, 2018 UT 8, ¶ 2, 416 P.3d 1132.

¶19   Regarding Sanchez's claim of ineffective assistance related to counsel's advice that he plead guilty when there was allegedly undisclosed exculpatory video evidence, the district court determined that it was procedurally barred because the issue had already been raised before this court and the supreme court. *See* Utah Code § 78B-9-106(1)(b) ("A petitioner is not eligible for relief under [the PCRA] upon any ground that . . . was raised or addressed in the trial court, at trial, or on appeal . . . ."). This conclusion is incorrect.

¶20   To be clear, this court did not address any of Sanchez's ineffective assistance claims on direct appeal. Rather, we acknowledged Sanchez's allegation in his rule 23B motion that he received ineffective assistance when counsel advised him "to plead guilty when the State did not preserve exculpatory evidence." *Sanchez I*, 2020 UT App 158, ¶ 14 n.1, 477 P.3d 501 (cleaned up). But we concluded that we lacked jurisdiction to hear this issue because Sanchez's rule 23B motion was "essentially a request to withdraw his plea" made after sentencing. *Id.* We concluded that we did not have jurisdiction over any such claims, even if they *potentially could be raised*, and we instructed that any such challenge "must be pursued in a post-conviction proceeding." *Id.* As Sanchez correctly observes, this court told him that his ineffective assistance "claim was not ripe for direct appeal" because we "lacked jurisdiction" and that it "must be

brought under the PCRA." An issue is not raised for PCRA purposes if a party attempts to raise the issue in a court that lacks jurisdiction to address the issue. After all, "[i]t is axiomatic that if the court lacks subject matter jurisdiction, it is without power to hear the matter before it." *Pinchbeck v. Department of Public Health*, 782 A.2d 242, 247 (Conn. App. Ct. 2001); *see also Johnson v. State*, 2011 UT 59, ¶ 11, 267 P.3d 880 ("A few exceptions apply to the application of the PCRA's procedural bars. For instance, . . . if a claim in a post-conviction petition could have been but was not raised at trial or on appeal, such a failure is not barred if the failure to raise the claim was due to ineffective assistance of counsel." (cleaned up)). We did not allow Sanchez to actually raise the issue—and we did not hear the issue—because we determined that we lacked jurisdiction. And this was the stated reason that we denied the rule 23B remand. We fail to see how moving for a rule 23B remand before a court that lacks jurisdiction to address the substance of such a motion amounts to raising an issue.

¶21   In simple terms, because we could not hear the issue due to a lack of jurisdiction, it was not actually raised or addressed in the direct appeal. It almost goes without saying that an issue that cannot be heard was not properly raised for PCRA purposes. At most, Sanchez *attempted to raise* ineffective assistance claims in his direct appeal, but that does not mean the claims were *actually raised* before this court such that they could be addressed. *See Salt Lake City v. Bryner*, 2009 UT App 62U, para. 5 (per curiam) ("Although [the defendant] has attempted to raise constitutional issues, the . . . court did not rule on those issues because it found it lacked jurisdiction."). Given this circumstance, Sanchez's claim cannot be deemed to have been raised, and the district court erred in concluding that it was.

¶22   Moreover, Sanchez alleged that each of his grounds were not raised at trial or on direct appeal due to ineffective assistance from both his trial and appellate attorneys. Accordingly, Sanchez pled his grounds under section 78B-9-106(3)(a) of the Utah Code,

which states, "[A] petitioner may be eligible for relief on a basis that the ground could have been but was not raised in the trial court, at trial, or on appeal, if the failure to raise that ground was due to ineffective assistance of counsel." *See also Modes v. State*, 2023 UT App 104, ¶ 19, 537 P.3d 265 ("If any of the . . . claims that the district court dismissed because they could have been raised on direct appeal were not raised there due to the ineffectiveness of appellate counsel, then the PCRA does not procedurally bar those claims."). "We assume the truth of the factual allegations in the complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiff." *Miller v. Miller*, 2020 UT App 171, ¶ 15, 480 P.3d 341 (cleaned up). Applying this permissive standard, the district court was required to take Sanchez's allegations of ineffective assistance as a procedural exception at face value for purposes of the State's rule 12(b)(6) motion. *See Blanch v. Farrell*, 2018 UT App 172, ¶ 14, 436 P.3d 285 ("A rule 12(b)(6) motion to dismiss admits the facts alleged in the complaint but challenges the plaintiff's right to relief based on those facts." (cleaned up)). Because the district court failed to do so, its conclusion that Sanchez's ineffective assistance claims were procedurally barred was in error.

## CONCLUSION

¶23 The district court abused its discretion when it evaluated Sanchez's motion for appointed counsel under the factors articulated by a superseded statute. And its conclusion that Sanchez's ineffective assistance claims were procedurally barred was in error.

¶24 Reversed and remanded.

——————